509 A.2d 1335

Carl Wilson, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs January 30, 1986, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Scott F. Breidenbach,* Assistant Public Defender, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE COLINS, May 12, 1986:

Carl Wilson (petitioner) appeals a decision of the Pennsylvania Board of Probation and Parole (Board) recommitting him as a technical parole violator.[1] Having been denied his Petition for Administrative Relief, this appeal follows.

Petitioner was paroled on June 16, 1981, from a sentence of one (1) to five (5) years for a conviction of Theft, Assault, and Possession of an Instrument of Crime.

While on parole, petitioner was arrested and charged with Aggravated Assault, Simple Assault, Recklessly Endangering Another Person, and Possession of an Instrument of Crime. A Board detainer was issued charging petitioner with violations of parole condition 5b[2] and 5c.[3] These criminal charges were eventually dismissed.

At petitioner's violation hearing before a Board examiner, Gwendolyn Smith, petitioner's paramour, the complainant in the assault incident, testified that she was not struck by petitioner. This testimony was contrary to the same witness' testimony at petitioner's criminal preliminary hearing.

In determining that petitioner was in violation of his parole conditions, the Board examiner relied on the witness' prior recorded statements and not her live testimony. The witness, Ms. Smith, testified at the criminal preliminary hearing that petitioner had beaten her with a four-foot branch from a tree. When Ms. Smith testified at petitioner's revocation hearing, she stated that she had found the petitioner with another woman and that she had a fight with this woman.

---

[1] Petitioner was ordered recommitted to serve eighteen (18) months backtime.

[2] 37 Pa. Code §63.4(5)(ii)—refrain from owning or possessing any firearms or other weapons.

[3] 37 Pa. Code §63.4(5)(iii)—refrain from any assaultive behavior.

Upon hearing this new version of what occurred, the parole agent pleaded surprise and introduced the notes of testimony from the preliminary hearing. Despite objection by petitioner's counsel, the Board examiner accepted this recorded statement over the live witness' testimony.

Our scope of review in parole Board recommitment cases is limited to determining whether the findings of the Board are supported by substantial evidence, or are in accordance with the law and do not violate the parolee's constitutional rights. *Zazo v. Pennsylvania Board of Probation and Parole*, 80 Pa. Commonwealth Ct. 198, 470 A.2d 1135 (1984).

Petitioner's primary contention is that there is not substantial evidence in the record to support the Board's recommitment order. Petitioner bases this argument on the premise that the Board's acceptance into evidence of a witness' notes of testimony from a preliminary criminal hearing over her live testimony at his hearing amounts to a revocation based solely on improperly-admitted hearsay. If the prior recorded testimony were stricken, the record would contain no evidence to support the revocation.

We have previously held that while hearsay may be admitted in probation and parole revocation hearings, a decision to recommit a parolee as a technical violator cannot be based solely on improperly-admitted hearsay evidence. *Grello v. Pennsylvania Board of Probation and Parole*, 83 Pa. Commonwealth Ct. 252, 477 A.2d 45 (1984). *See also Walker v. Unemployment Compensation Board of Review*, 27 Pa. Commonwealth Ct. 522, 367 A.2d 366 (1976).

In order to base its recommitment order on such testimony, the Board had to accept the recorded testimony as direct evidence rather than mere impeachment. In considering this issue, our Supreme Court in

the recent case of *Commonwealth v. Brady*, 510 Pa. 123, 507 A.2d 66 (1986), has abandoned the "antiquated rule" that prior inconsistent statements of a non-party witness at trial cannot be used as substantive evidence where the declarant is a witness at trial and available for cross-examination.

In *Brady*, appellee's girlfriend had given the police a tape recorded statement that Anthony Brady had stabbed a security guard at a manufacturing plant when the guard startled Brady who was attempting to break into a dollar-bill change machine. At trial, this same witness recanted her previous testimony and stated that neither she nor Anthony Brady had ever entered the manufacturing plant.

The Commonwealth, notwithstanding counsel's objections, was permitted to use this tape recorded statement as substantive evidence. Brady *inter alia* was found guilty of second degree murder and received a sentence of life imprisonment.

After extensive post-trial procedures, our Supreme Court reconsidered Pennsylvania's long-standing acceptance of the common law rule pertaining to the use of prior inconsistent statements of a non-party witness.

Citing many legal scholars, criticism by members of its own court and the growing number of jurisdictions accepting the modern rule,[4] our Supreme Court decided to reject the "orthodox rule" and "embrace the modern rule[5] as the law of this Commonwealth." *Id*. at 128, 507 A.2d at 68.

Upon being persuaded that the modern view is the better, more principled view, our Supreme Court reversed its previous position and held that otherwise

---

[4] *Brady*, 510 Pa. at 127-8, 507 A.2d at 68 (1985).

[5] The major thrust of this modern rule is that any hearsay concerns are eliminated by the witnesses' presence, at trial, under oath, and subject to cross-examination.

admissible prior inconsistent statements of a *declarant who is a witness in a judicial proceeding and is available for cross-examination may be used as substantive evidence to prove the truth of the matters asserted therein. Id.* at 131, 507 A.2d at 70. (Emphasis added.)

While *Brady* dealt with a trial before a judicial officer, the credibility considerations in the matter *sub judice* are analogous to those detailed by the Supreme Court. In both cases, the witness was subject to cross-examination at a proceeding prior to the recantation of testimony and available for cross-examination at the time of recantment. *Brady* as a matter of law has determined the admissibility of prior recorded testimony as direct evidence.[6]

It is this Court's opinion that the reliability factors cited in *Brady* are equally applicable to an administrative proceeding before the parole Board, such that a hearing examiner may properly admit the prior recorded testimony and determine whether or not such evidence should be accepted as credible. The order of the Board is affirmed.

## ORDER

AND NOW, this 12th day of May, 1986, the decision of the Pennsylvania Board of Probation and Parole, No. 4781-P, dated April 30, 1985, recommitting petitioner as a technical parole violator is hereby affirmed.

---

[6] The Supreme Court stated that this new ruling in no way affected the admissibility of prior inconsistent statements of a party witness. *Brady* at footnote 4.