534 A.2d 860

Raymond Moore, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs June 12, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Benjamin Lerner,* Defender, with him, *Michael J. Kelly,* Assistant Defender, *John W. Packel,* Assistant Defender, Chief, Appeals Division, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE BARRY, December 15, 1987:

Petitioner, Raymond Moore, appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief and ordered that he be recommitted for eighteen months in prison for violating a technical condition of his parole by engaging in assaultive behavior.

While on parole, petitioner was arrested on November 12, 1985, and charged with robbery and other lesser offenses. Petitioner was charged with two technical violations, the first because of the new criminal charges and the second for consuming alcohol. A timely preliminary/detention hearing was held. The charge of consuming alcohol was dismissed but petitioner was ordered to be detained pending disposition of the criminal charges. On August 20, 1986, the charges were nol prossed by the Court of Common Pleas of Philadelphia.

On August 22, 1986, petitioner was charged with engaging in assaultive behavior; the conduct was part of the incident which had led to the robbery charge. Petitioner waived his right to a preliminary hearing and a violation hearing was held on September 16, 1986. Prior to that hearing, the petitioner objected to the timeliness of the hearing and because of a violation of his due process rights. The victim of the assaultive behavior testified. Petitioner was found to be in violation of parole and was recommitted for eighteen months. His petition for administrative relief was denied and this appeal followed.

Our scope of review is limited to determining whether the necessary factual findings are supported by substantial evidence in the record, whether the parolee's constitutional rights were violated or whether an error of law was committed. *Wilson v. Pennsylvania Board of Probation and Parole,* 97 Pa. Commonwealth Ct. 202, 509 A.2d 1335 (1986). Petitioner makes two interrelated allegations of error. He argues that the violation hearing held was untimely; he also alleges that his due process rights were violated when the Board waited until after disposition of the criminal charges to charge him with a violation of a condition of parole based on the same conduct. In spite of articulate and well reasoned arguments made on petitioner's behalf, we must disagree with petitioner and therefore affirm the Board's recommitment order.

The Board's regulations require that one charged with a violation of parole conditions (other than an arrest or conviction for a new criminal offense) must be given a violation hearing within 120 days of a preliminary hearing. 37 Pa. Code §71.2(11). The preliminary hearing must be held within fifteen days after the parolee either is arrested on a Board warrant or after a detainer is lodged against him. 37 Pa. Code §71.2(3). Here, petitioner was charged with the violation on August 22, 1986; as the violation hearing was held on September 12, 1986, the hearing was clearly timely unless we accept petitioner's argument that he should have been charged when the Board had knowledge of the violation rather than after disposition on the criminal charges. Unfortunately for petitioner, he is unable to cite any authority to support this novel proposition. Our research has found nothing. While there may be a situation where a parolee's due process rights are violated by the Board's delay in filing charges, this is not such a case.

Affirmed.

## ORDER

NOW, December 15, 1987, the order of the Pennsylvania Board of Probation and Parole dated December 12, 1986 is affirmed.