541 A.2d 439

William Smith, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs March 11, 1988, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Lester G. Nauhaus,* Public Defender, with him, *John H. Corbett, Jr.,* Chief-Appellate Division, *Robert W. Beckwith,* Appellate Counsel, for petitioner.

*Arthur R. Thomas,* Assistant Chief Counsel, with him, *Robert A. Greevy,* Chief Counsel, for respondent.

OPINION BY JUDGE PALLADINO, May 18, 1988:

William Smith (Petitioner) appeals from an October 2, 1987 decision of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief from his recommitment as a technical parole violator (TPV). We affirm.

On September 10, 1987 the Board recommitted Petitioner as a TPV for violating condition 5C of his parole—assaultive behavior. Before this court, Petitioner contends the finding that he violated this condition is not supported by substantial evidence because it is based on a medical report, admitted over Petitioner's counsel's objection, without the requisite showing of "good cause."

We find it unnecessary to address Petitioner's contention because that is not the only evidence relied on by the Board in determining Petitioner had violated condition 5C, and the other evidence provides substantial support for a finding of assaultive behavior.

The Board stated, in its September 10, 1987 decision recommitting Petitioner, that it relied on the following evidence: "Direct testimony of Velinda Bradley, Officer Vaughn, Ilene Kirby, Patricia Wise,

Gloria Vaughn and Rita Bradley. Copy of medical reports from treating physician." Velinda Bradley testified:

> Ms. Bradley: He knocked me down hard.
>
> . . .
>
> Mr. Tallon [parole agent]: How many times did he knock you?
>
> Ms. Bradley: Just once. . . . And I told him I had to go to the bathroom and he threw me into the bathroom. . . . And I locked the door and I jumped out the window.

N.T. at 33.

> Attorney Clay [Petitioner's Counsel]: [H]e didn't kick you or punch you and hurt your side?
>
> Ms. Bradley: No, but he knocked me down mighty hard against the bed.

N.T. at 36.

This testimony constitutes substantial evidence to support a finding of assaultive behavior on the part of Petitioner. Even if the copy of the medical report was improperly admitted, it was harmless error. A decision of an administrative agency will not be reversed for harmless error. *Pennsylvania Game Commission v. Bowman*, 81 Pa. Commonwealth Ct. 381, 474 A.2d 383 (1984).

The Board, in its brief, requests that this court declare Petitioner's appeal frivolous and award costs as provided for in Pa. R. A. P. 2744.[1] Appellate rule 2744 provides that an appellate court *may* award further costs "if it determines that an appeal is frivolous." The Board contends that this appeal is frivolous because Petitioner waived the "good cause" issue. Two arguments are made in support of this contention. First, the Board asserts

---

[1] The Board does not specify from whom it is seeking these costs. The rule permits them to be awarded against Petitioner and/. or counsel.

Petitioner waived the issue because he did not present it to the Board in his request for administrative relief as required by Pa. R.A.P. 2116(c). Second, the Board claims there was no objection to the medical report for the purpose for which it was admitted—the testing done and diagnosis reached.

As to the Board's first argument, we note that Petitioner filed his request for administrative relief *pro se*.[2] In it he states that there were "no facts which were recited by any Magistrate or Administrative Official to support . . . the alleged violations against parolee." We consider that statement, in this situation, was sufficient to raise the issue of whether there was substantial evidence to support the Board's finding of assaultive behavior and subject *all* the evidence relied on by the Board to review, even though not specifically challenged by Petitioner.

With respect to the Board's second argument, we note that Petitioner's counsel did agree to the admission of the medical report but solely for the purpose of any testing done or the diagnosis. N.T. at 41. Counsel did object to the medical report insofar as its use for statements made by Velinda Bradley to the treating physician. N.T. at 40. The Board in its decision states it relied, in finding assaultive behavior, on the "medical report from the treating physician." The decision does not indicate the purpose for which there was reliance on the report. Counsel's limited agreement to admission of the report cannot be the basis for waiver of the issue, raised by appellate counsel before us, when the Board did not delineate in its decision on what portion of the medical report it relied in finding assaultive behavior.

---

[2] Petitioner was represented by counsel from the Beaver County Public Defender's office during his parole revocation hearing. He filed his request for administrative relief *pro se*. He is represented before this court by counsel from the Office of the Public Defender in Pittsburgh.

While we do not condone the argument of appellate counsel which, even if persuasive, will not result in reversal of the Board's decision, and are inclined to consider this appeal frivolous for that reason, we decline to exercise our discretion to award costs in this case. *See Smith v. Pennsylvania Board of Probation and Parole,* 114 Pa. Commonwealth Ct. 544, 539 A.2d 55 (1988).

ORDER

AND NOW, May 18, 1988, the decision of the Pennsylvania Board of Probation and Parole in the above-captioned case is affirmed. The Board's request for costs is denied.