568 A.2d 283

**Salvator LANZETTA, Petitioner,**

**v.**

**COMMONWEALTH of Pennsylvania, PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Oct. 20, 1989.

Decided Dec. 28, 1989.

---

Bruce E. Mattock, Asst. Public Defender, Greensburg, for petitioner.

Arthur R. Thomas, Asst. Chief Counsel, with him, Robert A. Greevy, Chief Counsel, Harrisburg, for respondent.

Before DOYLE and McGINLEY, JJ., and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Petitioner, Salvator Lanzetta, appeals an order of the Pennsylvania Board of Probation and Parole (Board) which denied his request for administrative relief and ordered that he be recommitted to serve his remaining backtime for violating three technical conditions of his parole.

Originally, Petitioner was arrested and plead guilty to the offenses of robbery and aggravated assault. He was sentenced on February 17, 1981 to a minimum of five years and a maximum of ten years in the State Correctional Institution at Greensburg. On October 29, 1985, Petitioner was paroled. He was declared delinquent as of January 7, 1988, recommitted to the State Correctional Institution as a technical parole violator, and ordered to serve ten months on backtime.

On December 18, 1988, Petitioner was again paroled. His parole was subject to regular and special conditions imposed by the parole supervision staff.[1] Petitioner signed the

---

1. The conditions are listed in the certified record (C.R.) at pages 9–11.

paper listing the conditions governing his parole, thereby acknowledging that he read the conditions, fully understood them, and agreed to follow them. Additionally, Petitioner acknowledged that he fully understood the penalties involved should he in any manner violate any of the listed conditions.

Within twenty-four hours of his reparole, Petitioner was arrested at the Play It Again Sam Restaurant for public intoxication and disorderly conduct. Upon arrival at the county jail, Police Officer Conroy instructed Petitioner to remove all of his belongings from his pockets and to place them on the table where they would be logged and Petitioner would be given a receipt. Petitioner responded by telling Police Officer Conroy to "go fuck himself" and punched Police Officer Conroy on the side of the head. Petitioner was subsequently charged with simple assault on a police officer and public intoxication.

On December 19, 1988, the Board issued a board warrant to commit and detain Petitioner for violating his parole. The warrant, however, failed to set forth the specific parole violations for which the Board was charging Petitioner.

In the preliminary hearing on his new criminal charges held before a magistrate on December 27, 1988, Petitioner pled guilty to the lesser offense of disorderly conduct. On December 29, 1988, the Board gave Petitioner written notice that when he pled guilty to disorderly conduct, he violated Condition # 4 of his parole which stated that Petitioner had to "comply with all municipal, county, state and Federal criminal laws, as well as the provisions of the Vehicle Code and the Liquor Code." Additionally, at the same time, but by a separate document, the Board gave Petitioner written notice that in addition to violating Condition # 4, Petitioner was charged with the following violations which would be heard, along with the original charge, at his Violation Hearing: Violation of Condition # 5c which stated that Petitioner had to "refrain from any assaultive behavior" and Violation of Condition # 7 which stated that Petitioner was not to consume alcohol.

On January 20, 1989, a violation hearing was held concerning Petitioner's three technical parole violations.[2] At that hearing, Petitioner argued that the Board's failure to provide a preliminary hearing on his technical parole violations violated his due process rights. Moreover, Petitioner contended that he was not made aware of the Board's charges against him until after his preliminary hearing before a magistrate on December 27, 1988 and that if he had been aware of the Board's charges, he would have handled the magistrate's hearing in a different manner. The hearing examiner noted Petitioner's objections, but concluded that the evidence established that Petitioner violated Conditions # 4, # 5c, and # 7 of his parole. The Board then recommitted Petitioner to serve 1 year, 11 months and 22 days.[3]

Petitioner thereafter filed a request for administrative relief. His request was denied and this appeal followed.

■ Our scope of review is limited to determining whether the necessary factual findings are supported by substantial evidence in the record, whether the parolee's constitutional rights were violated or whether an error of law was committed. *Moore v. Pennsylvania Board of Probation and Parole*, 111 Pa.Commonwealth Ct. 631, 534 A.2d 860 (1987). On review, Petitioner asserts that his constitutional rights were violated and that an error of law was committed.

■ Petitioner contends that the Board violated his constitutional rights when it did not afford him a preliminary hearing on his technical parole violations. We disagree.

■ The procedure that the Board is obligated to follow once it charges a parolee with violations of parole conditions

2. Petitioner waived his right to a hearing by the full (quorum) Board and requested that his hearing be held by a member or members of the Board or other authorized Board representative. C.R., p. 14.

3. Petitioner was actually to serve 36 months for violating three conditions of his parole but because Petitioner had already served all but 1 year, 11 months and 22 days of his original ten year sentence, the Board only recommitted him for that period.

is found at 37 Pa.Code § 71.2. While 37 Pa.Code § 71.2(3) directs that a preliminary hearing must be held within 14 days of the detention of a parolee on a Board warrant, the initial paragraph of 37 Pa.Code § 71.2 narrows this requirement. According to 37 Pa.Code § 71.2, the Board must follow the requirement of § 71.2(3) only if the parolee is not already detained after appropriate hearing for other technical violations or criminal charges. In this case, Petitioner was already detained on his new criminal charges. Thus, a preliminary hearing was not required.

Because the Board complied with 37 Pa.Code § 71.2, the question becomes whether this regulation violates Petitioner's due process rights and is therefore unconstitutional. In *Moody v. Daggett,* 429 U.S. 78, 86 n. 7, 97 S.Ct. 274, 278 n. 7, 50 L.Ed.2d 236 (1976), the United States Supreme Court noted that:

> where petitioner has already been convicted of and incarcerated on a subsequent offense, there is no need for the preliminary hearing which Morrissey requires upon arrest for a parole violation. This is so both because the subsequent conviction obviously gives the parole authority "probable cause or reasonable ground to believe that the ... parolee has committed acts that would constitute a violation of parole conditions," and because issuance of the warrant does not immediately deprive the parolee of liberty. (Citation omitted).

Moreover, in this case, Petitioner was given a full opportunity to litigate his technical parole violations at his Violation Hearing. Thus, Petitioner's constitutional rights were not violated and the regulation is deemed constitutional as applied to this Petitioner.

█ Petitioner next argues that his due process rights were violated in that he did not receive notice of the specific technical parole conditions he was charged with violating until after his preliminary hearing before a magistrate on the other new criminal charges. This argument has no merit. Petitioner signed the conditions governing his reparole on December 16, 1988. In signing that form, Petitioner

acknowledged that he understood his parole conditions and the penalties involved should he in any manner violate them. Therefore, Petitioner, by examining his parole conditions, could have calculated which conditions his actions violated and what penalties would be given for each violation.

■ Finally, Petitioner contends that violations of Conditions # 4 and # 5c were duplicative and therefore should have been merged as required under *Rivenbark v. Pennsylvania Board of Probation and Parole,* 509 Pa. 248, 501 A.2d 1110 (1985). In *Rivenbark,* one of the special conditions of Rivenbark's parole was that he refrain from possessing a firearm. When Rivenbark was convicted of violating a federal firearms statute, the Pennsylvania Supreme Court held that he could not also be recommitted as a technical parole violator because the technical violation, carrying firearms, involved the same act as the crime for which he was convicted.

In the present case, Petitioner pled guilty to the charge of disorderly conduct. This plea was the basis for Petitioner being charged with violating Condition # 4 of his parole which stated, *inter alia,* that Petitioner had to "comply with all municipal, county, state and Federal criminal laws." Petitioner was also charged with violating Condition # 5c of his parole which stated that he was to refrain from assaultive behavior. Petitioner argues that these two technical violations are duplicative because his assaultive behavior was the disorderly conduct.

After a thorough review of the record, we find that Petitioner's violation of Condition # 4, pleading guilty to disorderly conduct, appears to be the consequence of his unruly behavior at the Play It Again Sam Restaurant. By contrast, the Board's conclusion that Petitioner violated Condition # 5c of his parole was based upon Petitioner's physical act of punching Police Officer Conroy. Unfortunately, Petitioner set forth no evidence during his Violation Hearing that would lead this Court to interpret the record otherwise. Accordingly, it was proper that the two condi-

tions were not merged because they did not involve the same act.

Because Petitioner's constitutional rights were not violated and no errors of law were committed, the decision of the Board denying Petitioner administrative relief is affirmed.

## ORDER

AND NOW, this 28th day of December, 1989 the Administrative Order of the Pennsylvania Board of Probation and Parole is affirmed.