Louis PANA, Petitioner,

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 19, 1997.

Decided Dec. 10, 1997.

Mitchell A. Kaufman, Pittsburgh, for petitioner.

Arthur R. Thomas, Asst. Counsel, for respondent.

Before PELLEGRINI and FLAHERTY, JJ., and MIRARCHI, Jr., Senior Judge.

MIRARCHI, Jr., Senior Judge.

In this petition for review of an order of the Pennsylvania Board of Probation and Parole (Board), Louis Pana raises a single issue: whether a parolee's due process rights are denied when the Board fails to notify a parolee that an admission to technical parole violations could result in a finding of delinquency and the loss of street time.

Pana was originally sentenced in 1974 to serve two concurrent terms of imprisonment of five to twenty years for burglary and conspiracy. Pana's minimum and maximum dates were increased because of several factors. In 1979, Pana was sentenced to a consecutive term of imprisonment of nine to eighteen months for escape. Also, Pana was twice determined to be a technical parole violator prior to the proceeding that is the subject of this petition for review.

In 1993, the Board paroled Pana for a third time. Thereafter, the Board declared Pana delinquent effective June 7, 1995. Pana was charged with three technical parole violations: (1) an unauthorized change of residence, (2) a failure to report to the parole agent as instructed, and (3) a failure to attend addiction treatment as required. Pana waived his right to a preliminary hearing and requested an immediate violation hearing. At the violation hearing, Pana, through his counsel, admitted the violations as charged.

The Board recommitted Pana as a technical parole violator to serve twenty-four additional months of his original sentence. By a recalculation order mailed July 5, 1996, the Board established that Pana's new maximum term on the original twenty-year sentence would expire on March 17, 2000. Pana filed an administrative appeal of this order, arguing that had he known he would have been deprived of his street time following his alleged delinquency, he would not have admitted committing the violations. Pana's argument is that without knowledge of all of the possible consequences of being found to be a technical parole violator, his admission to the charges against him was not made knowingly, intelligently, or voluntarily. The Board dismissed Pana's appeal, and this petition for review followed.

■ This Court's scope of review of the Board's order is limited to determining whether any necessary factual findings are supported by substantial evidence in the record, whether the parolee's constitutional rights were violated, or whether an error of law was committed. *Smith v. Pennsylvania Board of Probation and Parole*, 661 A.2d 902 (Pa.Cmwlth.1995), *rev'd on other grounds*, 546 Pa. 115, 683 A.2d 278 (1996). As previously stated, Pana argues that his constitutional rights to due process were violated because the Board failed to inform him of all of the consequences of his being found to be a technical parole violator, including the loss of street time following the dates of the violations (*i.e.*, the period of delinquency).

Both Pana and the Board refer us to decisions of the United States Courts of Appeals. The Ninth Circuit has determined that due process requires that a parolee be specifically informed of the possible penalties connected with a finding of a parole violation. *See Jessup v. United States Parole Commission*, 889 F.2d 831 (9th Cir.1989); *Raines v. United States Parole Commission*, 829 F.2d 840 (9th Cir.1987); *Vanes v. United States Parole Commission*, 741 F.2d 1197 (9th Cir. 1984). The Second Circuit, however, has rejected that position and determined that due process does not require specific notice that street time may be subject to forfeiture because a parolee is on constructive notice of

this penalty as it is set forth in a published regulation. *See LaChance v. Reno*, 13 F.3d 586 (2d Cir.1994), *cert. denied*, 512 U.S. 1222, 114 S.Ct. 2711, 129 L.Ed.2d 837 (1994); *Miller v. Hadden*, 811 F.2d 743 (2d Cir.1987).

The Board argues that we should adopt the approach of the Second Circuit. It contends that Commonwealth parolees are also on constructive notice that they will lose street time following a parole violation by virtue of Section 21.1(b) of the Act of August 6, 1941, P.L. 861, *as amended*, added by the Act of June 1, 1995, P.L. 1020, commonly referred to as the Parole Act (Parole Act), 61 P.S. § 331.21a(b). That section provides in pertinent part that a parolee recommitted for a technical violation "shall be given credit for the time served on parole in good standing but with no credit for delinquent time...." 61 P.S. § 331.21a(b). The Board further argues that the holdings of the Ninth Circuit untenably go beyond the holdings of the U.S. Supreme Court regarding the process due a parolee under the U.S. Constitution. In *Morrissey v. Brewer*, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), the Court set forth the minimal due process requirements that a parole revocation must meet in order to satisfy the requirements of the Fourteenth Amendment to the U.S. Constitution. Although *Morrissey* provides that a parolee must receive written notice of the alleged parole violations, it does not specifically provide that a parolee be informed of the possible penalties he or she faces if found in violation of parole. *Id.* By contrast, it is established that a criminal defendant possesses the due process right to be informed of the range of penalties connected to the crime with which he is charged. *Smith* (Friedman, J., dissenting). The Board points out that the *Morrissey* Court emphasized that the "full panoply of rights due a defendant in a [criminal prosecution] does not apply to parole revocations." *Morrissey* at 480, 92 S.Ct. at 2600.

Pana argues that due process would fundamentally require that we adopt the approach of the Ninth Circuit. Pana further argues that the *Jessup* Court made it clear that a parolee need not show prejudice; a failure to provide notice of all consequences to being

found a parole violator deprives the parolee of his or her due process rights.

We find, however, that we need not determine this matter on constitutional grounds. The regulations of the Board require that a parolee be given notice of the full consequences of his or her violation of parole prior to release on parole. Section 67.3 of these regulations provides:

Every parolee shall acknowledge the following:

(1) That he has read, or has read to him, the conditions of his parole.

(2) That he fully understands the conditions of his parole and agrees to follow such conditions.

(3) *That he fully understands the penalties involved if he violates the conditions of parole in any manner.*

37 Pa.Code § 67.3 (emphasis added). Obviously, a parolee cannot *fully* understand the possible penalties unless specifically notified of what they might be.

■ The record in this case contains a form entitled "Conditions Governing Parole/Reparole" signed and dated by Pana November 10, 1993.[1] This is the only form of record in which Pana acknowledges the conditions of the period of parole at issue. The form provides the following paragraphs regarding penalties for violations of parole:

If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Conditions Governing Parole/Reparole, p. 1; Record, p. 43.

This notice very clearly informs a parolee that if he or she is convicted of a crime committed while on parole/reparole then all time at liberty is forfeited. The notice does not, however, inform a parolee that if he or she is determined to be a technical parole violator, then any delinquent time at liberty is forfeited. The notice provides only that the Board may recommit the parolee for such time as it determines. It may be presumed that a parolee has the understanding that a violation of parole may result in a return to prison. *Morrissey.* It is not as clear that a parolee has the understanding that time determined to be delinquent is subject to forfeiture as well. The Board's regulations require a parolee to acknowledge that he or she fully understands the penalties involved following a violation of parole. The "Conditions Governing Parole/Reparole" do not provide sufficient notice for a parolee to come to the understanding required by 37 Pa.Code § 67.3. *Cf. Lanzetta v. Pennsylvania Board of Probation and Parole,* 130 Pa.Cmwlth. 312, 568 A.2d 283, 285 (1989) (a parolee who examines his written parole conditions "could have calculated which conditions his actions violated and what penalties would be given for each violation."). Further, the Board did not cure the defect of notice in Pana's written parole conditions by providing adequate notice to Pana prior to his admission to the charges. The Board thus committed an error of law by failing to provide to Pana the notice required by 37 Pa.Code § 67.3.

■ We find, however, that Pana is not entitled to relief. The record indicates that prior to the matter before us, Pana was determined twice to be a technical parole violator and delinquent on both occasions. On both occasions, Pana was sentenced to serve backtime. Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b), mandates that a parolee shall be given no credit for delinquent time when recommitted to prison for technical parole violations. Thus, Pana should have known that there was at least the possibility that his delinquent time was subject to forfeiture. Moreover, Pana has not argued how the Board's recalculation of sentence could have been different had Pana received full notice and, based on that notice, withheld his admission to the charges. Pana

1. This form is marked as pages 43–44 in the    certified record.

does not here argue a defense to the Board's charges of technical violations of his parole. *See Colon v. Pennsylvania Board of Probation and Parole,* 72 Pa.Cmwlth. 431, 456 A.2d 1145 (1983) ("In his written arguments here, [the parolee] does not describe what his defenses would have been had he had longer advance notice and does not contest the fact of the violations . . . .").

We have held that a decision of the Board will not be reversed for harmless error. *Smith v. Pennsylvania Board of Probation and Parole,* 116 Pa.Cmwlth. 239, 541 A.2d 439 (1988), *petition for allowance of appeal denied,* 520 Pa. 611, 553 A.2d 972 (1988). Pana appears to hang his argument on the *Jessup* Court's determination that a parolee does not have to show prejudice to establish a due process violation based upon inadequate notice of the penalties involved with a parole violation. At best, however, the *Jessup* Court would have the violation cured by a remand for a rehearing with antecedent adequate notice. Having failed to explain how a rehearing could possibly afford a different result in this matter, Pana's arguments do not support the relief he requests. The Board's error is thus harmless.

Accordingly, we affirm the order of the Board.

### ORDER

AND NOW, this 10th day of December, 1997, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is hereby affirmed.