IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronnie Morton,                                  :
                    Petitioner                  :
                                                :   No.  2023 C.D. 2016
            v.                                  :
                                                :   Submitted:  July 7, 2017
Pennsylvania Board of                           :
Probation and Parole,                           :
                    Respondent                  :


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE PATRICIA A. McCULLOUGH, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                          FILED:  September 21, 2017


            Ronnie Morton petitions for review of the November 16, 2016 decision of the Pennsylvania Board of Probation and Parole (Board), which dismissed his petition for administrative review and affirmed the May 31, 2016 determination to recommit Morton as a technical parole violator and extend his maximum sentence expiration date.  We affirm.

            Morton was sentenced to nine months to three years' imprisonment following his convictions for several theft and forgery charges arising out of Chester and Delaware counties.  On August 19, 2014, Morton was paroled to a community corrections center, and physically released on October 6, 2014.  His original maximum sentence expiration date was April 23, 2016.  On February 8, 2016, Morton was declared delinquent.  The Board issued a warrant to arrest and detain Morton, and he was taken into custody on February 26, 2016.

Morton mailed a letter to the Board on March 24, 2016, demanding his release from incarceration on his April 23, 2016 maximum sentence expiration date. On March 28, 2016, the Board issued a notice of charges and hearing to Morton with a scheduled hearing date of April 4, 2016. The notice informed Morton that he was charged with a technical violation of parole[1] because of his failure to report to the parole office on January 15, 2016, or any day thereafter, despite the condition that he report on the first and third Friday of every month. The effective date of Morton's delinquency was January 15, 2016. Morton thereafter requested a continuance to secure representation. On April 5, 2016, the Board issued a new notice of charges and hearing with a rescheduled hearing date of April 27, 2016.

On April 27, 2016, with counsel present, Morton waived his preliminary hearing, and signed a statement admitting he violated a condition of parole. By order dated May 23, 2016, the Board recommitted Morton as a technical parole violator to serve his unexpired term of three months, eight days and recalculated his maximum sentence expiration date as June 4, 2016, to take into account the time that he was delinquent on parole.

Throughout the pendency of the proceedings, Morton mailed six letters[2] to the Board demanding he be released from incarceration on his original maximum sentence expiration date of April 23, 2016, and on June 2, 2016, Morton filed an administrative appeal. He argued that the Board illegally detained him 42 days beyond his original maximum sentence expiration date because the Board is "not

___

[1] Condition 3A of Morton's parole required that he "maintain regular contact with the parole supervision staff by reporting regularly as instructed and follow[] any written instructions of the Board or the parole supervision staff." (Reproduced Record (R.R.) at 34.)

[2] The letters are dated May 2, 2016, May 5, 2016, May 9, 2016, June 13, 2016, and August 24, 2016.

permitted to impose backtime which exceeds the entire remaining balance of the unexpired term." (R.R. at 81) (internal quotation marks omitted). Citing sections 6138(c)(2) and (3) of the Prisons and Parole Code (Code),[3] Morton further argued that the calculation of his delinquent backtime began on the date that he was taken into custody on the Board's warrant, and not after "a [technical parole violator's] original maximum date has expired from his original judicially mandated sentence." (R.R. at 82.) By order dated November 16, 2016, the Board affirmed its May 31, 2016 decision, explaining:

> The Board recalculated your maximum sentence to June 4, 2016 based on your recommitment as a technical parole violator. The Prisons and Parole Code permits forfeiture of credit for technical parole violators for the period they were delinquent. 61 Pa. C.S. § 6138(c)(2). Thus, in light of your recommitment as a technical parole violator, the Board had authority to recalculate your sentence to reflect that you received no credit for time you were delinquent.
>
> . . .

---

[3] Prisons and Parole Code, 61 Pa.C.S. §§101 – 6309. Sections 6138(2) and (3) of the Code, titled "Technical violators," states:

> (2) If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences.
>
> (3) The remainder shall be computed by the board from the time the parolee's delinquent conduct occurred for the unexpired period of the maximum sentence imposed by the court without credit for the period the parolee was delinquent on parole. The parolee shall serve the remainder so computed from the date the parolee is taken into custody on the warrant of the board.

61 Pa.C.S. §§6138(2), (3).

> In this case, the Board found that you were delinquent from January 15, 2016 to February 26, 2016 (date of the board detainer), which amounts to 42 days. This finding is supported by your admission to the violations. Adding 42 days to the prior April 23, 2016 max date yields a new max of June 4, 2016.

(Board's November 16, 2016 decision at 1.)

## Discussion

On appeal,[4] Morton now alleges that the Board denied him due process and violated the notice requirement[5] of Board's regulations by failing to notify him that: (1) a finding of delinquency for a technical violation can result in loss of street time[6] for the period of delinquency; and (2) an admission to a technical parole violation can result in an extension of the parolee's maximum sentence date.

Noting that the hearing occurred four days after his original maximum sentence expiration date of April 23, 2016, Morton asserts that, had he been made aware of the possibility of a later parole expiration date, he "would . . . [have been] more careful in his compliance to the rules," "would not have [pleaded] as he did," and might have alleged mistake or other mitigating factor as to why the Board should not have extended his expiration date. (Morton's brief at 25.)

---

[4] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

[5] 37 Pa.Code §67.3(3) states, "Every parolee shall acknowledge . . . [t]hat he fully understands the penalties involved if he violates the conditions of parole in any manner."

[6] "Street time" is a term frequently used to refer to time spent at liberty on parole.

4

Morton argues that the only notice he received was on a form titled "Conditions Governing Parole/Reparole," the content of which was misleading because it "implie[d] that he could not be penalized above the maximum for the delinquency or lose time for that delinquency for a technical violation of parole." (Morton's brief at 21.) Specifically, Morton refers to the following two paragraphs of the form:

> If you violate a condition of your parole/reparole and, after the appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole you may be recommitted to prison for such time as may be specified by the Board.
>
> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

(R.R. at 10.)

In support of his position, he relies on *Pana v. Pennsylvania Board of Probation and Parole*, 703 A.2d 737 (Pa. Cmwlth. 1997), in which this Court held that the Board failed to adequately inform the parolee that any delinquent time would be forfeited if the parolee was determined to be a technical parole violator. In that case, the parolee admitted to three technical violations of his parole and was recommitted to serve "twenty-four additional months of his original sentence," with no credit for his delinquent street time. *Id.* at 738. The parolee appealed, arguing that, had he known of the possible consequence of deprivation of his street time, he would not have committed the violations and that, without that knowledge, his admission to the charges was not made knowingly, intelligently, or voluntarily. *Id.* We acknowledged that the "Conditions Governing Parole" form, which contained the

5

same two paragraphs as the ones on Morton's form, did not provide "sufficient notice for a parolee to come to the understanding required by 37 Pa.Code §67.3." *Id.* at 739. However, this Court determined that, despite his failure to receive adequate notice, the parolee was still not entitled to relief, explaining:

> The record indicates that prior to the matter before us, Pana was determined twice to be a technical parole violator and delinquent on both occasions. On both occasions, Pana was sentenced to serve backtime. Section 21.1(b) of the Parole Act, 61 P.S. § 331.21a(b),[7] mandates that a parolee shall be given no credit for delinquent time when recommitted to prison for technical parole violations. Thus, Pana should have known that there was at least the possibility that his delinquent time was subject to forfeiture. Moreover, Pana has not argued how the Board's recalculation of sentence could have been different had Pana received full notice and, based on that notice, withheld his admission to the charges. Pana does not here argue a defense to the Board's charges of technical violations of his parole.

*Pana*, 703 A.2d at 739-740. Accordingly, we dismissed the lack of adequate notice as harmless error.

Morton likens his lack of adequate notice to that in *Pana*, but also attempts to distinguish its holding, arguing that, unlike that parolee, Morton was a first-time parole offender and, accordingly, "one cannot assume that he should have known of the possibility of the forfeiture when nothing in [the] record shows that he was informed of the possibility and the only notice given in the parole release forms implie[d] the opposite." (Morton's brief at 24.)

---

[7] Section 21.1(b) of what was commonly known as the Parole Act, Act of Act of August 6, 1941, P.L. 861, *added by* Section 5 of the Act of August 24, 1951, P.L. 1401, *as amended*, 61 P.S. §§ 331.1 – 331.34a, was repealed by the Act of August 11, 2009, P.L. 147, No. 33, §11(b). The Parole Code was consolidated and became effective on October 13, 2009. Section 6138(c)(2) of the Code similarly states: "If the parolee is recommitted under this subsection, the parolee shall be given credit for the time served on parole in good standing but with no credit for delinquent time and may be reentered to serve the remainder of the original sentence or sentences."

In response, the Board, citing *Newsome v. Pennsylvania Board of Probation and Parole*, 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989), argues that Morton waived his claim that he was unaware that his delinquent time would be forfeited as a technical parole violator by failing to raise it in his administrative appeal. The Board further argues that, even if Morton had not waived this argument, he still is not entitled to relief because, like the parolee in *Pana*, Morton has not shown how he was prejudiced by admitting his parole violation and waiving the violation hearing.

The Board is correct that, by failing to raise the adequate notice claim in his administrative appeal, Morton waived this argument on appeal. In *Newsome*, this Court stated, "It is well-settled that failure to raise an issue before the Board results in a waiver and precludes this Court from review." *Id.* at 1052. As the Board correctly notes, Morton made no mention of not having received adequate notice in his administrative appeal, nor did he raise it in any of the six letters he wrote to the Board throughout the proceedings. Consequently, this issue is waived.

Furthermore, the Board is also correct that, even if Morton had preserved the notice issue, his argument would fail for precisely the same reason that the *Pana* parolee's argument did not succeed. Although Morton makes essentially the same argument as that of the parolee in *Pana*, he still does not address what we discerned were its fatal errors. Specifically, Morton fails to explain how the recalculation of his maximum sentence expiration date would have been different or how his choice to deny the violations would have had an impact had he had adequate notice.

Additionally, like the parolee in *Pana*, Morton does not proffer a defense as to the parole violation, nor did he assert one in any of the numerous letters he mailed to the Board. Instead, Morton merely lists several defense theories he *might* have employed, such as: denying the violation because he was "mistaken"; asserting there were circumstances indicating he was not at fault; arguing that there was no

7

communication from his parole agent; or alleging that there were mitigating circumstances that did not require a finding of a violation of parole. (Morton's brief at 25.) Regardless of the possible efficacy of these strategies, Morton still does not explain how, had he had full notice, the Board's recalculation of his sentence could have resulted in anything other than the addition of his 42 delinquent days to the original maximum sentence expiration date, or "how a rehearing could possibly afford a different result in this matter." *Pana*, 703 A.2d at 739-40.

Moreover, section 6138(2) of the Code, which Morton cited numerous times in the letters he sent to the Board, explicitly states that a technical parole violator, if recommitted, "shall be given . . . *no credit for delinquent time* and may be reentered to serve the remainder of the original sentence or sentences." 61 Pa.C.S. §6138(2) (emphasis added). As such, Morton must have had at least some knowledge of the possibility of the forfeiture of his delinquent time.

Because this case is indistinguishable from *Pana*, we find that any failure of the Board to give adequate notice was harmless error.

Accordingly, for the reasons set forth above, the Board's decision is affirmed.

_____
PATRICIA A. McCULLOUGH, Judge


Judge Cosgrove did not participate in this decision.

8

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Ronnie Morton,                                  :
                    Petitioner                   :
                                                 :    No.  2023 C.D. 2016
          v.                                     :
                                                 :
Pennsylvania Board of                            :
Probation and Parole,                            :
                    Respondent                   :

## *ORDER*

AND NOW, this 21st day of September, 2017, the order of the Pennsylvania Board of Probation and Parole, dated November 16, 2016, is hereby affirmed.


                                        _____
                                        PATRICIA A. McCULLOUGH, Judge