IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Loughner,                          :
                    Petitioner           :
                                         :
          v.                             :     No. 28 C.D. 2022
                                         :     Submitted: December 2, 2022
Pennsylvania Parole Board,               :
                    Respondent           :

BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                    FILED: April 3, 2023

          James Loughner (Loughner) petitions for review of a decision of the
Pennsylvania Parole Board (Board), mailed December 17, 2021, denying his request
for administrative relief.  On appeal, Loughner contends that the Board violated his
due process rights when it failed to notify him of an amendment to Section 6138 of
the Prisons and Parole Code (Parole Code), 61 Pa. C.S. §§ 101-7301.  This
amendment broadened the definition of "convicted violators" to encompass
convictions for misdemeanors of the third degree and certain enumerated summary
offenses that do not occur in a court of record.  *See* 61 Pa. C.S. § 6138(a)(1.1).  After
careful review, we affirm.

## I. BACKGROUND

          A complete recitation of Loughner's criminal history is unnecessary for
purposes of this disposition.  The present matter begins in January 2021, when
Loughner was arrested and taken into custody while on parole.  *See* Warrant to
Commit and Detain, 1/30/21.  He was charged with multiple crimes but ultimately

pleaded guilty before a magisterial district judge to disorderly conduct graded as a third-degree misdemeanor.[1] *See* Pleas of Guilty before Issuing Auth., 2/9/21, at 1. He was sentenced to one year of supervised probation. *See* Mercer Cnty. Order Imposing Sentence, 2/9/21.

The Board issued a notice of the parole violation and informed Loughner of his rights to a revocation hearing and counsel. *See* Notice of Charges & Hr'g Executed, 3/23/21; Inmate Rights at Parole Bd. Hr'gs, 3/21/21. Loughner waived these rights and admitted to the violation. *See* Waiver of Revocation Hr'g & Counsel/Admis. Form, 3/23/21. Thus, the matter proceeded without a revocation hearing. *Id.* The Board recommitted Loughner as a convicted parole violator and ordered him to serve 12 months of backtime. *See* Bd. Action, 5/6/21, at 1, *see also* Bd. Action, 4/30/2021, at 1.

Loughner *pro se*[2] timely sought administrative relief, challenging the denial of street time credit[3] but expressly foregoing any challenge to the imposition of backtime. *See* Admin. Remedies Form, 5/14/21. While Loughner's administrative appeal was pending, the Board issued a separate decision denying his parole. *See* Bd. Action, 11/1/2021. The Board subsequently dismissed Loughner's appeal of the denial of parole under 37 Pa. Code §73.1 and affirmed the denial of

---

[1] *See* 18 Pa. C.S. § 5503(a).

[2] Despite his *pro se* appeal before the Board, Loughner was represented by counsel at the sentencing hearing when he pleaded guilty to the underlying third-degree misdemeanor. *See* Criminal Docket No. MJ-35201-CR-0000027-2021, at 1.

[3] "Street time" is defined as "the period of time a parolee spends at liberty on parole." *Kazickas v. Pa. Bd. of Prob. & Parole*, 226 A.3d 109, 111 (Pa. Cmwlth. 2020).

street time credit.  *See* Resp. to Admin. Remedies Forms, 12/17/2021.  Thereafter, with the benefit of counsel, Loughner timely petitioned this Court for review.[4]

## II. ISSUES

Loughner contends that the Board was obligated to notify him of an amendment to Section 6138 of the Parole Code.[5]  *See generally* Loughner's Br. at 11-16.  Essentially, Loughner argues that conviction of a third-degree misdemeanor before a magisterial district judge would not have resulted in forfeiture of street time credit prior to the amendment to Section 6138 of the Parole Code.[6]  *See id* at 15.  Thus, he maintains that the Board's failure to provide such notice violated his right to due process.  *See id.* at 15-16.  According to Loughner, he lacked sufficient notice at three steps in the administrative process: (i) his parole release, (ii) his guilty plea, and (iii) his revocation hearing.  *See id.* at 15.[7]  Loughner therefore requests that this

---

[4] Our standard of review is limited to determining whether the Board committed an error of law, whether its findings are supported by substantial evidence, and whether its decision violated constitutional rights. *Young v. Pa. Bd. of Prob. & Parole*, 189 A.3d 16, 18 n.3 (Pa. Cmwlth. 2018); 2 Pa. C.S. § 704.

[5] The issue Loughner appealed before the Board is not the exact issue that he raises before this Court.  *See* Admin. Remedies Form Received 5/19/2021.  Failure to raise an issue first before the Board risks waiver.  *See* 2 Pa. C.S. §703; *see also McKenzie v. Pa. Bd. of Prob. & Parole*, 963 A.2d 616, 621 (Pa. Cmwlth. 2009).

[6] Prior to the amendment to Section 6138 of the Parole Code, the Board was authorized to revoke parole for crimes that involve convictions by a judge or jury and pleas of guilt or *nolo contendere* in a **court of record**.  61 Pa. C.S. § 6183(a)(1).  In April 2020, Section 6138(a) of the Parole Code was amended to include certain criminal dispositions that occur outside of a court of record.  61 Pa. C.S. § 6138(a)(1.1).

[7] In further support of this argument, Loughner relies on *Palmer v. Pennsylvania Board. of Probation & Parole*, 704 A.2d 195 (Pa. Cmwlth. 1997)(notice was not required following a convicted parole violation because the loss of street time credit was automatic).  However, as Loughner acknowledges, *Palmer* is no longer good law and was superseded by a 2012 amendment to Section 6138 of the Parole Code.  *See Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401 (Pa. Cmwlth. 2019).  Thus, his reliance on this case is misplaced.

3

Court direct the Board to rescind his recommitment and the extension of his maximum sentence date. *Id.* at 17.

In response, the Board rejects Loughner's assertion that the Board has a duty to inform parolees of changes to the Parole Code. Bd.'s Br. at 7 (noting the absence of legal authority in Loughner's brief). Rather, according to the Board, any duty to inform Loughner of the consequences of his decision to plead guilty were borne by his counsel, not the Board. *See id.* at 7-8.

## III. DISCUSSION

Loughner asserts several violations of his due process rights. Due process affords parolees the right to (i) notice and (ii) the opportunity to be heard. *Penjuke v. Pa. Bd. of Prob. & Parole*, 203 A.3d 401, 418 (Pa. Cmwlth. 2019). *See also Morrissey v. Brewer*, 408 U.S. 471 (1972).

### A. *Parole Release*

Loughner's first due process challenge arises at the stage of parole release, where he argues that the Board failed to properly inform him of the potential consequences of a conviction while on parole. Parolees are entitled to notice of the consequences of a parole violation. *See Pana v. Pa. Bd. of Prob. & Parole*, 703 A.2d 737, 739 (Pa. Cmwlth. 1997); *Morton v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 2023 C.D. 2016, filed September 21, 2017) (unreported), 2017 WL 4171304. However, failure to provide sufficient notice will be excused where a parolee cannot establish that the lack of notice contributed to a parole violation or delinquency. *See Pana*, 703 A.2d at 739-40. *See also Morton*, slip op. at 7. The Board regulations also include a requirement of notice and provide that parolees must acknowledge that they have (1) read the conditions of parole, (2) fully understand and agree to follow these conditions, and (3) fully understand the

4

penalties involved with violating parole conditions. *See* 37 Pa. Code § 67.3. *See Fumea v. Pa. Bd. of Prob. & Parole*, 147 A.3d 610, 617-19 (Pa. Cmwlth. 2016) (the Board regulations were "intended to protect the due process rights of a parolee").

A closer look at *Pana* and *Morton* is instructive here. In these matters, we held that the parole release forms constituted insufficient notice because they only informed Pana and Morton, two technical parole violators, of the potential consequences of convicted parole violations but not technical parole violations. *Pana*, 703 A.2d at 738, 739; *Morton*, slip op. at 2, 5, 7-8. However, neither Pana nor Morton were entitled to relief because they did not show that they were harmed by the Board's lack of notice. *Pana*, 703 A.2d at 739-740; *Morton*, slip op. at 7-8. In *Pana*, we held that the parolee *should* have been aware of the potential consequences of street time credit forfeiture because he had twice previously been recommitted as a technical parole violator and twice lost street time credit. *Pana,* 703 A.2d. at 739. Further, Pana failed to articulate how the Board's sentencing recalculation could have changed had he received sufficient notice. *Id*. Similarly, although the parolee in *Morton* was a first-time technical parole violator, we held that he "still does not explain how, had he had full notice, the Board's recalculation of his sentence could have resulted in anything other than" the result that occurred. *Morton*, slip op. at 8.

Loughner is not entitled to relief due to lack of notice at the parole release stage for two reasons. First, the parole release form constitutes full notice of the potential consequences of a convicted parole violation. Prior to his release, Loughner signed a form acknowledging certain parole conditions. *See* Conditions Governing Parole/ReParole, Executed 4/24/2015 (Form). The Form provides that upon a convicted parole violation, the Board is authorized, "after an appropriate

5

hearing, to recommit [the parolee] to the balance of the sentence or sentences which [he was] serving when paroled/reparoled, with no [street time credit]." *Id*. Although the Form did not expressly detail the *types* of crimes subject to the potential consequence of street time credit forfeiture, it broadly yet sufficiently notified Loughner that a criminal conviction on parole could result in loss of his street time credit. *Id*. Secondly, even if the notice here *was* insufficient, any assertion of prejudice at this stage defies logic. It is impossible to suggest that Loughner would never have committed a crime on parole had he known that a magisterial district judge would adjudicate his hearing outside of a court of record. As such, he is unable to show that he was harmed at his parole release by the Board's notice or alleged lack thereof. *See Pana*, 703 A.2d at 739-40. *See Morton*, slip op. at 7. Accordingly, we find the Board's notice at parole release to be sufficient and that any error, if present in the notice, was harmless.

### B. Guilty Plea

Next, to the extent that it is raised, we also reject Loughner's argument that the Board was obligated to notify him of the amendment to Section 6138 of the Parole Code before he entered a guilty plea. The Board has no responsibility to inform a criminal defendant of the collateral consequences of a defendant's decision to plead guilty to a crime. *See generally* Parole Code. Revocation proceedings are wholly independent from guilty pleas at criminal sentencing hearings. *Com. v. Barndt*, 74 A.3d 185, 195 (Pa. Super. 2013). Lack of notice of the possibility of parole or probation revocations in an unrelated criminal case does not invalidate a defendant's guilty plea. *Id*. Here, a magisterial district judge, not the Board, adjudicated Loughner's criminal sentence. *See* Mercer Cnty. Pleas of Guilty Before Issuing Authority, Executed 2/9/2021. Because the Board held no role in

6

Loughner's guilty plea, sentencing, or conviction, it possessed no obligation to afford him notice at a hearing for which it bore no involvement.

Moreover, even if the Board had some independent obligation to provide Loughner specific notice of the amendment to Section 6138 of the Parole Code, there is no merit to his assertion that he entered a guilty plea to avoid the loss of four years of street time credit. *See* Loughner's Br. at 9. We find this *post-hoc* challenge to be both self-serving and convenient. Further, Loughner provides no defense that the lack of notice of the Parole Code amendment resulted in prejudice at the criminal sentencing stage. Loughner offers no evidence or argument that had he not pled guilty to a third-degree misdemeanor, he would have been absolved of a criminal conviction that triggered automatic forfeiture of street time credit. For example, he does not maintain that he was innocent of the underlying crime(s) or that he intended to otherwise contest the charges by presenting a defense, evidence, and witnesses. *See Barndt*, 74 A.3d at 195. Accordingly, Loughner failed to show that if an error did exist, that he suffered harm when entering his guilty plea. *See Pana*, 703 A.2d at 739-740.

### C. *Parole Revocation Hearing*

Lastly, Loughner's argument that he was entitled to notice of the amendment to Section 6138 of the Parole Code before his parole revocation similarly is without merit. Litigants possess due process rights at administrative adjudications. *Adams v. Lawrence Twp. Bd. of Supervisors*, 621 A.2d 1119, 1121 (Pa. Cmwlth. 1993). However, a voluntary relinquishment of the right to be heard results in a waiver of due process rights. *Id*. The record reveals that the Board complied with Loughner's constitutional rights by affording him notice and the opportunity to be heard through a revocation hearing. *See* Inmate Rights at Parole

Board Hearings, 3/21/2021. However, Loughner elected to *waive* these rights by declining to have a revocation hearing. *See* Waiver of Revocation Hearing and Counsel/Admission Form, 3/23/2021, at 1. Loughner cannot raise a constitutional challenge before this Court after waiving his right to hearing before the Board. *See Adams*. The Board bore no duty to notify Loughner of the changes to Section 6138 of the Parole Code and evidence supports that it complied with Loughner's constitutional rights despite his choice to waive them. *See Penjuke*; *Adams*.

## IV. CONCLUSION

Accordingly, the Board did not err or violate Loughner's due process rights at any stage of the administrative process by not affording him supplemental notice of the amendment to Section 6138 of the Parole Code. Discerning no error, we affirm.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Loughner,                    :
                    Petitioner     :
                                   :
        v.                         :     No. 28 C.D. 2022
                                   :
Pennsylvania Parole Board,         :
                    Respondent     :

# **O R D E R**

AND NOW, this 3rd day of April, 2023, the decision of the Pennsylvania Parole Board to deny Petitioner's administrative appeal, entered December 17, 2021, is AFFIRMED.

_____
LORI A. DUMAS, Judge