Robert Harvey Prough, Petitioner *v*. Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Alfred Jacobs, Chairman, Richard B. Comiskey, S.C.I.C. Parole Supervisor, Respondents.

Submitted on briefs to Judges WILLIAMS, JR., DOYLE and BLATT, sitting as a panel of three.

*Ron Turo*, Assistant Public Defender, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him *Robert A. Greevy*, Chief Counsel, *Jay C. Waldman*, General Counsel, and *LeRoy S. Zimmerman*, Attorney General, for respondents.

OPINION BY JUDGE DOYLE, December 2, 1983:

Before this Court is an appeal by Robert H. Prough (Petitioner) from a decision of the Pennsylvania Board of Probation and Parole (Board) denying, in significant part, his request for administrative relief. We affirm.

On June 24, 1980, Petitioner, a parolee, assaulted his wife after consuming intoxicating beverages and inflicted two minor stab wounds on her with a bayonet. An agent from the Board arrested Petitioner on June 26, 1980 and he was incarcerated in the Huntingdon County Prison on charges of technically violating conditions 9, 10 and 11 of his parole. The specific violations charged were: (a) possession of a deadly or offensive weapon; (b) overt behavior that was threatening or presented a clear and present danger to others, and (c) consumption of intoxicating beverages. A final violation hearing was held on these technical violations before an examiner from the Board on July 10, 1980. Counsel for Petitioner was present throughout the proceeding. Pursuant to the

recommendation of the hearing examiner, Petitioner was ordered recommitted by the Board for technical violations of his parole to serve twenty months on backtime. Petitioner, now represented by counsel different from his counsel before the hearing examiner, filed a request for administrative relief with the Board in October, 1981. That request was denied in pertinent part and the appeal to this Court followed.

Before this Court, Petitioner initially asserts that his arrest of June 26, 1980 was effected without the lodging of the proper warrant. *See* 37 Pa. Code §71.1(d). He contends that the Board instead incarcerated him by means of a form captioned "Notice of Charges and Hearing" and that no warrant at all was issued in this matter until September 26, 1980. Petitioner therefore argues that this Court should nullify any proceedings occurring subsequent to his detention as it was improper and that he should be discharged immediately. A review of the record, however, reveals that there is a Board warrant to commit and detain Petitioner in this matter which was issued June 26, 1980.[1] Accordingly we must reject Petitioner's argument as meritless.

Petitioner next challenges the lack of a preliminary hearing prior to the hearing held on July 10, 1980.

---

[1] While we might normally be inclined to criticize counsel for bringing a specious appeal, it is rather the Board to which we will direct our displeasure. This Court, by order dated February 8, 1983 directed the Board to "transmit the *entire* record in this case . . . to this Court. . . ." (Emphasis added.) The record filed did not contain a warrant dated June 26, 1980. It was only after reviewing appendages to the Board's brief in this matter that we had cause to believe such a document was extant. This prompted an order of this Court dated September 1, 1983, pursuant to which the Board filed a supplement to its certified record which included the subject warrant.

He claims it was not held without a proper waiver of his right to have one and that this should nullify the hearing held July 10, resulting in his immediate release with time spent in custody credited to his maximum sentence. Again, a review of the record by this Court reveals the existence of the waiver document purported not to exist.[2] There is a valid, duly executed waiver by Petitioner of both his right to a preliminary hearing and his right to a full Board hearing.

Petitioner's final challenge to the Board's denial of administrative relief in this matter is that the counsel which represented him at the July 10, 1980 hearing was ineffective and deficient in numerous respects, including permitting a waiver of the preliminary hearing which necessitated a "fishing expedition" on his part at the actual hearing and resulted in the entry into the record of testimony harmful to Petitioner. Petitioner, however, at no point in his request to the Board for administrative relief raised the issue of ineffective assistance of counsel. This matter comes to us in our appellate jurisdiction and we are not free to address issues not raised below. Pa. R.A.P. 1551. Accordingly, we must affirm the decision of the Board.

ORDER

Now, December 2, 1983, the decision of the Pennsylvania Board of Probation and Parole in the above captioned matter, insofar as it denies administrative relief to Petitioner Robert H. Prough, is hereby affirmed.

---

[2] The waiver too was not part of the record originally filed with this Court. It was not filed until after our order of September 1, 1983, specifically requiring its submission. See supra footnote 1.