534 A.2d 589

James A. Hughes, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs August 4, 1987, to President Judge CRUMLISH JR., Judge DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*John P. Liekar, Sr.*, for petitioner.

*Arthur R. Thomas*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE DOYLE, December 11, 1987:

James A. Hughes (Petitioner) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his request for administrative relief.[1] We affirm.

---

[1] This Court's scope of review is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were unsupported by substantial evidence. *Seyler v. Pennsylvania Board of Probation and Parole*, 97 Pa. Commonwealth Ct. 302, 509 A.2d 438 (1986).

On September 26, 1973, Petitioner was sentenced in Westmoreland County for robbery by assault to a term of 1-to-10 years, effective April 9, 1973. The maximum expiration date of Petitioner's sentence was April 9, 1983. Starting April 9, 1974, Petitioner was paroled, recommitted, and reparoled several times, the last being July 12, 1985. At this time, Petitioner's maximum expiration date was June 25, 1987.

On August 17, 1985, Petitioner was declared delinquent by the Board for moving from his approved residence without notifying his parole officer. Subsequently, he was arrested in Westmoreland County for driving under the influence of alcohol. Released on bond, he was again arrested on October 15, 1985 for driving under the influence, unsworn falsification to authorities, false reports to law enforcement officers, receiving stolen property, and conspiracy. On November 27, 1985, Petitioner was charged in Greene County with two counts of theft by unlawful taking, alleged to have occurred in September 1985.

Petitioner pleaded guilty on March 3, 1986 to the Greene County theft-by-unlawful-taking charges, and received concurrent prison terms of 2½-to-5 years effective March 3, 1986. In Westmoreland County, on June 16, 1986 Petitioner pleaded guilty to unauthorized use of a motor vehicle, and was sentenced to 11½-to-23 months, effective July 2, 1986. Additionally, on a guilty plea to driving under the influence, he was sentenced to 48 hours-to-23½ months, and on a guilty plea to theft by deception he received a 6-to-12 month sentence, both effective July 2, 1986.

Consequently, a full Board hearing was held on September 18, 1986, at which Petitioner was present and represented by counsel. By notice dated October 21, 1986 and mailed to Petitioner on October 30, 1986, the Board recommitted Petitioner for 48 months total back-

time as both a technical parole violator (TPV) and a convicted parole violator (CPV). As a TPV, Petitioner received 12 months for violating conditions number 2 (moving from approved residence without written permission of parole agent) and number 3 (failure to notify of arrests), and 18 months backtime for twice violating special condition number 6 (failure to complete outpatient therapy programs and consumption of alcohol). As a CPV, Petitioner was given 18 months backtime for the offenses of theft by unlawful taking, theft by deception, unauthorized use of a motor vehicle, driving without a license, "one-way roadway," and unauthorized use or transfer of a registration. Petitioner's maximum termination date of sentence was set at April 11, 1990.

Petitioner timely filed a request for administrative relief with the Board pursuant to 37 Pa. Code §71.5(h). In the interim, Petitioner was notified by the Board, by a decision mailed December 22, 1986, that on December 17, 1986 the Board had modified his recommitment with regard to total time to be served as a TPV and CPV, resulting in an extension of his maximum termination date of sentence from April 11, 1990 to October 1, 1990. By decision dated and mailed January 14, 1987, the Board denied petitioner's request for administrative relief. Petitioner's timely petition for review to this Court followed.

Petitioner presents four issues on this appeal: (1) whether the Board erred in recommitting him after a parole revocation hearing at which no evidence as to his sentence status was introduced; (2) whether, in computing Petitioner's backtime, the Board erred in not crediting him for time served on parole in good standing; (3) whether the Board denied Petitioner due process by modifying his parole revocation to enhance his maximum termination date of sentence without affording him another hearing; and (4) whether Petitioner was de-

nied effective assistance of counsel. Initially, we agree with the Board that Petitioner has waived review of the first two issues by failing to include these issues in his request for administrative relief to the Board. It is well-settled that failure to raise an issue before the Board results in waiver and precludes this Court from review. *Prough v. Pennsylvania Board of Probation and Parole,* 78 Pa. Commonwealth Ct. 606, 467 A.2d 1234 (1983). Likewise, we agree that Petitioner has waived his due process claim. Although the Board's recomputation date of sentence occurred *after* he filed his petition for administrative relief from the recommitment order, the correct course of action would have been for Petitioner to file a *second* petition for administrative relief raising his due process claim before the Board. As he failed to do so, the Board never received an opportunity to address the issue, and it must be regarded as waived. *Prough.* Accordingly, we will confine our review to Petitioner's ineffectiveness of counsel claim.

It is beyond dispute that a parolee in a revocation proceeding has a right to effective assistance of counsel. *Vereen v. Pennsylvania Board of Probation and Parole,* 101 Pa. Commonwealth Ct. 63, 515 A.2d 637 (1986); *LaCourt v. Pennsylvania Board of Probation and Parole,* 87 Pa. Commonwealth Ct. 384, 488 A.2d 70 (1985). In order to establish a right to relief due to ineffective counsel, a parolee has the burden of showing two things: (1) counsel made errors of such a serious nature that counsel was not operating as "counsel" as guaranteed by law; and (2) the errors were so serious that a reasonable probability exists that but for counsel's errors, the outcome of the proceeding would have been different. *LaCourt; Vereen.*

Here, Petitioner alleges that his counsel was ineffective at the parole revocation hearing in that counsel failed to introduce Petitioner's "sentence status with

regard to backtime" into the record, resulting in an extension of his parole expiration date, and that counsel did not present any mitigating evidence or testimony on behalf of Petitioner.

These arguments are unpersuasive. Petitioner does not allege anything that would show that his counsel's failure to introduce Petitioner's sentence status with regard to his backtime would have affected the outcome of the *revocation* hearing. In other words, whatever the status of Petitioner's various reparoles, such information would only be relevant to his maximum termination date, which, if it was in error, should have been the subject of a separate request for administrative relief after it had been determined by the Board. As to the second contention, Petitioner has failed to allege that any mitigating circumstances existed or, if they existed, that his counsel should have been aware of them. Accordingly, petitioner's claim of ineffective assistance of counsel must fail.

Affirmed.

### ORDER

Now, December 11, 1987, the order of the Pennsylvania Board of Probation and Parole in the above-captioned matter is affirmed.