553 A.2d 1050

Leon Newsome, Petitioner *v.* Commonwealth of Pennsylvania, Pennsylvania Board of Probation and Parole, Respondent.

Submitted on briefs September 20, 1988, to Judges BARRY and SMITH, and Senior Judge NARICK, sitting as a panel of three.

*Joseph A. Ratasiewicz*, Office of Public Defender, for petitioner.

*Timothy P. Wile*, Assistant Chief Counsel, with him, *Robert A. Greevy*, Chief Counsel, for respondent.

OPINION BY JUDGE SMITH, February 10, 1989:

Petitioner appeals from an order of the Pennsylvania Board of Probation and Parole (Board) denying Petitioner's request for administrative relief from the Board's parole recommitment order recorded on February 19, 1986.

Petitioner was paroled by the Board on May 30, 1983 from two consecutive sentences imposed by the Delaware County Court of Common Pleas which were originally scheduled to expire on May 30, 1985. On April 7, 1985, Petitioner was charged by the Chester Township police with burglary and other related offenses and was released on bail the next day.

Before Petitioner's original sentences expired on May 30, 1985, the Board ceased to supervise Petitioner as an active case, declaring Petitioner delinquent as of April 7, 1985. On October 15, 1985, Petitioner entered a plea of guilty to charges of burglary and criminal conspiracy and was sentenced to a term of imprisonment of twenty-nine months to five years, less one day. The effective date of sentence was delayed until October 25, 1985.

On January 7, 1986, the Board charged Petitioner as a convicted parole violator, and thereafter convened a revocation hearing before an examiner at Delaware

County Prison. The Board's recommitment order as re-
corded on February 19, 1986, directed Petitioner to
serve his entire unexpired term of one year, eleven
months, and twenty-nine days on backtime for his new
burglary and criminal conspiracy convictions. Peti-
tioner's maximum term expiration date on his original
sentence was recomputed and extended by the Board to
February 18, 1988. Petitioner filed a pro se administra-
tive appeal which was denied by the Board on April 17,
1986. Petition for review to this Court followed.

Petitioner raises the following three issues for review:
that he has been deprived of his constitutional right to
due process because he was recommitted by the Board as
a convicted parole violator allegedly in the absence of the
Board's adequate or timely notice to him of his status as
a parolee; that his due process rights were violated be-
cause the revocation hearing was not convened prior to
Petitioner's entry of the guilty plea and that the Board's
recommitment of him as a convicted parole violator, eight
months subsequent to the expiration of his maximum
term date, was untimely; and that his guilty plea was not
voluntarily entered but rather induced by the Board's
agent through that agent's alleged failure to adequately
inform Petitioner of his status as a parolee. It is the
Board's position that Petitioner has waived all of the
issues that he now presents to this Court for judicial
review.

Petitioner, who was counseled at the revocation hear-
ing, questioned the examiner as to the rationale for the
Board's delinquency declaration of April 7, 1985. Peti-
tioner never stated his question in the form of an objec-
tion to the Board's proceedings. Petitioner also asked the
examiner why he was not informed by the Board in May,
1985 that his parole could be revoked at some future date,
or that in the future he might remain subject to loss of his
street time. Finally, Petitioner stated for the record,

conceivably in the form of an objection, his observation that his maximum term sentence had expired before the Board took any action against him or convened its revocation hearing. Certified Record, at pp. 15-17.

Thus, Petitioner at his revocation hearing impliedly challenged the Board's jurisdiction to revoke his parole. However, review of the transcript clearly indicates that Petitioner never at any time during his revocation hearing contended that the Board was failing to afford him due process of law under the United States Constitution.

In his administrative appeal to the Board, Petitioner raises only two issues: that because his maximum term date had expired prior to the Board's revocation hearing, the Board lacked jurisdiction, upon Petitioner's conviction of April 7, 1985, to return him to Delaware County Prison as a convicted violator; and the Board had no authority to extend Petitioner's maximum term expiration date subsequent to the expiration of Petitioner's original maximum sentence.

The three issues raised by Petitioner in his appeal to this Court were not raised before the Board either at the revocation hearing or in Petitioner's administrative appeal. Therefore, pursuant to Section 703(a) of the Administrative Agency Law, 2 Pa. C. S. §703(a) and Pa. R.A.P. 1551(a), these issues are waived and cannot be considered for the first time in a judicial appeal. *Lantzy v. Pennsylvania Board of Probation and Parole*, 82 Pa. Commonwealth Ct. 626, 477 A.2d 18 (1984). It is well-settled that failure to raise an issue before the Board results in a waiver and precludes this Court from review. *See Hughes v. Pennsylvania Board of Probation and Parole*, 111 Pa. Commonwealth Ct. 571, 534 A.2d 589 (1987), *appeal denied*, 518 Pa. 644, 542 A.2d 1372 (1988); *Harper v. Pennsylvania Board of Probation and Parole*, 103 Pa. Commonwealth Ct. 251, 520 A.2d 518 (1987), *appeal denied*, 515 Pa. 625, 531 A.2d 432 (1987).

The Board requests, pursuant to Pa. R.A.P. 2744, that an award of reasonable counsel fees and costs be assessed against Petitioner and his appellate counsel, jointly and severally, for the prosecution of a "wholly frivolous" appeal of a Board revocation decision. No imposition of sanctions against the Office of the Public Defender will be authorized by this Court, as counsel has demonstrated no manifest intent to delay or clog the judicial process. Nor is Petitioner's appeal, in the posture in which it is presented to this Court, "readily recognizable as devoid of merit. . . ." *Collis v. Zoning Hearing Board of the City of Wilkes-Barre,* 77 Pa. Commonwealth Ct. 4, 10, 465 A.2d 53, 57 (1983). Moreover, Petitioner did question the Board's actions at the revocation hearing which this Court has nonetheless determined to be insufficient to preserve Petitioner's due process arguments for appeal. The Board's request for sanctions is therefore denied. The order of the Board is affirmed.

## ORDER

AND NOW, this 10th day of February, 1989, the order of the Pennsylvania Board of Probation and Parole is affirmed.

Judge MACPHAIL did not participate in the decision in this case.