IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guy Wayne Moyer,                      :
                 Petitioner           :
                                      :
           v.                         :    No. 181 C.D. 2015
                                      :    Submitted: July 31, 2015
Pennsylvania Board of Probation       :
and Parole,                           :
                 Respondent           :


BEFORE:    HONORABLE DAN PELLEGRINI, President Judge
           HONORABLE MARY HANNAH LEAVITT, Judge
           HONORABLE ANNE E. COVEY, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE LEAVITT                              FILED:  October 19, 2015


           Guy Wayne Moyer petitions for review of an order of the
Pennsylvania Board of Probation and Parole (Board) denying his request to
recalculate the backtime imposed on him following his recommitment as a
convicted parole violator.  Because the backtime imposed on Moyer fell within the
statutory presumptive range, the Board declined to recalculate it.  For the reasons
that follow, we affirm.

           On March 5, 2010, Moyer was sentenced to one to five years of
confinement for a charge of driving under the influence (DUI).  At the time of
sentencing, the maximum expiration date for Moyer's sentence was September 15,
2014.  The Board released Moyer on parole on December 8, 2010.

           On January 8, 2013, Moyer was arrested and charged with various
driving offenses.  On July 14, 2014, Moyer pled guilty to one count of fleeing or

attempting to elude a police officer; one count of driving under the influence; and one count of driving while operating privilege is suspended. The Court of Common Pleas of Berks County sentenced Moyer to a prison term of two to five years, with the proviso that Moyer receive 533 days credit for time already served. On September 24, 2014, the Board issued an order recommitting Moyer as a convicted parole violator to serve 18 months backtime. As a result, Moyer's new maximum sentence date was June 27, 2018.

Moyer, *pro se*, filed an administrative appeal challenging the recommitment term. By decision mailed January 27, 2015, the Board denied Moyer's administrative appeal. The Board concluded that it did not err in awarding 18 months of backtime because it fell within the statutory presumptive range of up to 24 months for Moyer's offenses. Moyer petitioned for this Court's review.

On appeal,[1] Moyer argues that the Board erred in imposing separate backtime for the offenses of DUI, 75 Pa. C.S. §3802(c),[2] and DUI with a suspended license, 75 Pa. C.S. §1543(b)(1.1)(iii).[3] Moyer asserts that because DUI

---

[1] This Court's review is to determine whether errors of law were committed, constitutional rights were violated, or findings of fact were supported by substantial evidence. *Hughes v. Pennsylvania Board of Probation and Parole*, 534 A.2d 589, 590 n.1 (Pa. Cmwlth. 1987).

[2] Section 3802(c) of the Vehicle Code states, in relevant part:

> (c)  Highest rate of alcohol.-- An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the alcohol concentration in the individual's blood or breath is 0.16% or higher within two hours after the individual has driven, operated or been in actual physical control of the movement of the vehicle.

75 Pa. C.S. §3802(c).

[3] Section 1543(b)(1.1) of the Vehicle Code states, in relevant part:

> (1.1)(i) A person who has an amount of alcohol by weight in his blood that is equal to or greater than .02% at the time of testing or who at the time of testing

**(Footnote continued on the next page . . .)**

2

is a lesser-included offense of DUI with a suspended license, the two offenses merged for sentencing purposes and the Board erred in aggregating the presumptive ranges for those two offenses. The Board counters that Moyer's merger issue is waived because he is raising it for the first time on appeal.

In order to decide whether Moyer's issue on appeal is waived, we first consider the arguments he raised in his administrative appeal. That appeal, filed with the Board on October 29, 2014, provided in relevant part as follows:

> I am writing this for Administrative Relief based on the decision 18 months of backtime.
>
> Since the day of my arrest on Jan. 8, 2013, I have had alot [sic] of time to look back at things in my life and the severity of my ***"Disease to Alcohol and Drugs"*** which at this point in my life being 58 years of age had taken just about everything [I have] worked or lived for. The remorse that I have for my actions

---

**(continued . . .)**

has in his blood any amount of a Schedule I or nonprescribed Schedule II or III controlled substance, as defined in the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, or its metabolite or who refuses testing of blood or breath and who drives a motor vehicle on any highway or trafficway of this Commonwealth at a time when the person's operating privilege is suspended or revoked as a condition of acceptance of Accelerated Rehabilitative Disposition for a violation of section 3802 or former section 3731 or because of a violation of section 1547(b)(1) or 3802 or former section 3731 or is suspended under section 1581 for an offense substantially similar to a violation of section 3802 or former section 3731 shall, upon a first conviction, be guilty of a summary offense and shall be sentenced to pay a fine of $1,000 and to undergo imprisonment for a period of not less than 90 days.

\* \* \*

(iii) A third or subsequent violation of this paragraph shall constitute a misdemeanor of the first degree, and upon conviction thereof the person shall be sentenced to pay a fine of $5,000 and to undergo imprisonment for not less than two years.

75 Pa. C.S. §1543(b)(1.1).

3

will be there for the rest of my life and the consequences are getting even greater.

While being confined in Berks county prison I received the news on my wife dealing with ***cancer*** and now she is suffering with the early [stages] of ***dementia*** and can no longer function as well as she once could have normally being alone at home to take care of things.

Also, while being confined in Berks county prison I received papers that my home is being put up for sheriff sale and the bank is going to [foreclose] on my home. My daughter who I almost lost due to my neglectful action has assume[d] some of my responsibilities to go back home and help out as much as she can doing what she can do without neglecting her own life responsibilities.

The time has come and now my daughter is scared as to what to do or what will happen as she cannot continue to financially afford to care for my wife or maintain our home for much longer.

* * *

I hope you will consider a reconsideration to amend the 18 months decision served to me so that I can be home soon to provide for my family.

Certified Record at 79 (emphasis in original).

Essentially, Moyer asked the Board to reduce his backtime so that he could be released sooner to care for his ailing wife and relieve the familial burdens on his daughter. These are laudable goals. Nevertheless, Moyer's administrative appeal to the Board did not raise the legal issue that his sentences had merged for purpose of applying the presumptive range for backtime. "It is well-settled that failure to raise an issue before the Board results in a waiver and precludes this Court from review." *Newsome v. Pennsylvania Board of Probation and Parole*,

4

553 A.2d 1050, 1052 (Pa. Cmwlth. 1989); PA. R.A.P. 1551(a) ("No question shall be heard or considered by the court which was not raised before the government unit[.]").

In sum, because Moyer's argument is not properly before this Court, we must affirm the Board's order.

_____
MARY HANNAH LEAVITT, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Guy Wayne Moyer,                          :
               Petitioner          :
                                      :
        v.                                :   No. 181 C.D. 2015
                                        :
Pennsylvania Board of Probation           :
and Parole,                               :
               Respondent          :

# **O R D E R**

AND NOW, this 19th day of October, 2015, the order of the Pennsylvania Board of Probation and Parole dated January 27, 2015, in the above-captioned matter is hereby AFFIRMED.

                                        _____
                                        MARY HANNAH LEAVITT, Judge