# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin T. Mathews, : 
          Petitioner : 
           : 
          v. : No. 1953 C.D. 2015
           : Submitted: May 6, 2016
Pennsylvania Board : 
of Probation and Parole, : 
          Respondent : 

BEFORE:  HONORABLE P. KEVIN BROBSON, Judge
               HONORABLE MICHAEL H. WOJCIK, Judge
               HONORABLE JAMES GARDNER COLINS, Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**              **FILED: September 15, 2016**

Petitioner Justin T. Mathews (Mathews) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board). The Board denied Mathews' administrative appeal of its June 1, 2015 decision, in which he sought to challenge the Board's calculation of his maximum sentence date. We affirm the Board's order.

Mathews pleaded guilty on July 13, 2010, to charges of possession with intent to deliver and received a sentence of one and one-half-to-four years imprisonment.[1] (Certified Record (C.R.) at 1.) The minimum and maximum dates

---

[1] For this conviction, the Board assigned Mathews the institutional identification "JQ-5154."

for this charge were November 1, 2011, and November 1, 2014, respectively.  (*Id.*)  On November 2, 2011, Mathews was granted parole.  (C.R. at 4.)

On January 18, 2012, Mathews absconded from parole supervision, and the Board declared Mathews delinquent.  (C.R. at 10, 79.)  Mathews was subsequently apprehended and returned to a state correctional institution on February 16, 2012.  (C.R. at 98.)  In a decision mailed April 23, 2012, the Board recommitted Mathews as a technical parole violator (TPV) for multiple parole violations and declared him eligible for reparole to a Community Corrections Center (CCC).  (C.R. at 10-11.)  Additionally, the Board recalculated Mathews' maximum date to November 30, 2014.  (*Id.*)  On May 15, 2012, Mathews was transferred from a state correctional institution to Progress CCC.  (C.R. at 98.)  On August 6, 2012, Mathews was transferred from Progress CCC to Wernersville CCC.  (C.R. at 79.)

On December 8, 2012, Mathews absconded from Wernersville CCC, and police apprehended him on January 11, 2013.  (*Id.*)  Thereafter, by a decision mailed on March 6, 2013, the Board revoked Mathews' parole.  (C.R. at 20-22.)  This decision recommitted Mathews as a TPV and recalculated his maximum date from November 1, 2014, to January 3, 2015.  (C.R. at 20.)

On July 11, 2013, the Board reparoled Mathews.  (C.R. at 27.)  Thereafter, on November 15, 2013, Mathews again absconded from parole supervision, and the Board declared him delinquent.  (C.R. at 28, 80.)  Mathews was then arrested and detained in the Berks County Prison on November 21, 2013.  (C.R. at 80.)  Mathews was subsequently placed into the parole violator center in Lackawanna County on February 27, 2014. (C.R.

2

at 80-81.) On April 7, 2014, Mathews was released from the parole violator center to Allentown CCC. (C.R. at 80.)

On June 2, 2014, Mathews again absconded from parole supervision and was thereafter arrested on new criminal charges and parole violations on July 15, 2014. (*Id.*) The Board lodged a detainer against Mathews on the same day. (C.R. at 31.) By a decision mailed August 25, 2014, the Board recommitted Mathews as a TPV and recalculated his maximum date from January 3, 2015, to February 15, 2015. (C.R. at 34.)

On July 31, 2014, Mathews was detained in lieu of bail for new criminal charges filed in the Court of Common Pleas of Lackawanna County. (C.R. at 64.) By a decision recorded October 17, 2014, the Board detained Mathews pending disposition of the new criminal charges. (C.R. at 58.) On December 11, 2014, Mathews pleaded guilty to the new charges and was sentenced to serve twenty-one months to forty-two months in a state correctional institution. (C.R. at 62.)

The Board conducted a revocation hearing on April 8, 2015, wherein the Board voted to revoke Mathews' parole and deny him credit for time at liberty on parole. (C.R. at 90-97.) By a decision mailed June 1, 2015, the Board recommitted Mathews as a convicted parole violator (CPV) to serve his unexpired term of one year, two months, and three days for his criminal convictions. (C.R. at 99.) This decision recalculated Mathews' maximum date from January 3, 2015, to February 18, 2016. (*Id.*)

On June 15, 2015, Mathews, then represented by legal counsel, filed an administrative remedies form, asserting first that Mathews "was not given any time credit for the period of time that he served at the Berks County Prison

3

exclusively on the technical violations from April 16, 2013 through July 11, 2013," a period spanning 87 days. (C.R. at 106-07.) Further, Mathews asserted that his request for his revocation hearing to be held before a panel was improperly denied, thereby denying him his right to a panel hearing in accordance with 37 Pa. Code § 71.4(2)(i) & (4). (*Id.*) The Board denied the request for administrative relief, reasoning:

> The record reflects that the Board conducted a panel hearing for Mathews on April 8, 2015 at SCI-Graterford. George Griffith, Jr. from the Montgomery County Public Defender's Office represented Mr. Matthews (sic) at the hearing. Thus, your claim that the Board denied him a panel hearing is erroneous.
>
> Additionally, the PBPP-39 Order to Recommit reflects that Mr. Matthews (sic) was not paroled until July 11, 2013. This means that he received credit for all time prior to that date unless it is specifically listed in the prior parole liberty forfeited section. The only prior parole liberty forfeited in this case was the periods from November 2, 2011 to January 18, 2012 and from May 15, 2012 to December 8, 2012. This does not encompass the period you reference from April 16, 2013 to July 11, 2013. Because the time you seek was prior to his current parole and not listed in the prior parole liberty forfeited section, the calculation reflects that Mr. Mathews already received credit for the period of April 16, 2013 to July 11, 2013.

(C.R. at 117.)

Mathews filed a petition for review with this Court,[2] taking exception with the Board's recalculation of his maximum date, which was extended until

---

[2] Our review of a Board order recalculating a maximum release date is limited to considering whether the Board erred as a matter of law or violated any constitutional rights and whether necessary factual findings are supported by substantial evidence. 2 Pa. C.S. § 704.

4

February 18, 2016. Specifically, Mathews contends the time period between May 12, 2012, and August 9, 2012, is improperly credited to both prior parole liberty forfeited and confinement time. By this time being categorized as both liberty time forfeited and confinement time, Mathews avers that this is an impossibility that must be corrected. Due to this, Mathews argues that his maximum date should be reduced by 83 days, which represents the overlapping period where he was in custody, yet not given credit for it.

In addressing Mathews' claim, we note that in this appeal Mathews seeks credit for a different period of time than he had indicated on his administrative remedies form. In his brief, Mathews states that this was an error of his then-attorney and that this Court should review Mathews' claim based upon the date range indicated in his brief. (Pet'r's Br. at 10.) Before the Board, Mathews sought credit for a period of incarceration from April 16, 2013, to July 11, 2013. In retort, the Board argues that Mathews has waived this claim of error, as it was not raised in his administrative appeal.[3] We agree.

By indicating a different date range on the administrative appeals form, Mathews did not raise the issue of whether he was entitled to credit that he did not receive for the period of May 12, 2012, to August 9, 2012. Accordingly, the issue is waived. *McDaniel v. Pa. Bd. of Prob. & Parole*, 587 A.2d 42, 45 (Pa.

---

[3] We also note that the Board filed a supplemental record and, in its brief, requested that the matter be remanded to correct an error in its calculation that was unrelated to the appeal now before the Court. Specifically, the Board avers that the February 18, 2016 maximum date is incorrect due to Mathews receiving an improper credit from November 28, 2012, to April 16, 2013. As the request for remand would not address the issues raised in this appeal, remand is unnecessary and would only further delay resolution of the issue now before the Court. Nothing in this opinion prevents the Board from taking appropriate action in the future to correct its calculation, if otherwise permissible.

Cmwlth. 1991); *Newsome v. Pa. Bd. of Prob. & Parole*, 553 A.2d 1050 (Pa. Cmwlth. 1989). This Court is precluded from reviewing any issue not first raised before the governmental agency. *See* Section 703(a) of the Administrative Agency Law, 2 Pa. C.S. § 703(a); Pa. R.A.P. 1551(a); *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993), *appeal denied*, 631 A.2d 1092 (Pa. 1994).

We note, however, that even if this issue had not been waived, Mathews would still not prevail. As the Board correctly argues, the record reflects that Mathews was already credited for this time. (Resp't's Br. at 11.) Mathews was released on parole from a state correctional institution to Progress CCC on May 15, 2012, and he was subsequently transferred to Wernersville CCC on August 6, 2012. (C.R. at 79, 98.) Mathews then remained on parole until he absconded from parole supervision staff on December 8, 2012. (C.R. at 79.) This period, totaling 207 days, is listed as prior parole liberty forfeited on Mathews' order to recommit. (C.R. at 101.) The Board determined that Progress CCC, however, was restrictive enough to constitute confinement, so the 83 days Mathews spent there is also credited in the confinement time section of Mathews' order to recommit—meaning that the 83 days is counted as confinement time. (*Id.*) Consequently, Mathews' claim of error as to the calculation of his maximum date is not only waived, it is without merit.

Accordingly, we conclude that the Board did not err in its recalculation of Mathews' new maximum sentence date, and we affirm the Board's order.

_____
P. KEVIN BROBSON, Judge

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Justin T. Mathews,       :
      Petitioner       :
      :
      v.       :       No. 1953 C.D. 2015
      :
Pennsylvania Board       :
of Probation and Parole,       :
      Respondent       :

## **O R D E R**

AND NOW, this 15th day of September, 2016, the order of the Pennsylvania Board of Probation and Parole is AFFIRMED.

_____
P. KEVIN BROBSON, Judge