IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milton Deshawn Paschal,                    :
                          Petitioner       :
                                           :    No. 421 C.D. 2016
                    v.                     :
                                           :    Submitted: November 10, 2016
Pennsylvania Board of                      :
Probation and Parole,                      :
                          Respondent       :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge


*OPINION NOT REPORTED*

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                              FILED: January 13, 2017


        Milton Deshawn Paschal (Petitioner) petitions for review of the February 17, 2016 decision of the Pennsylvania Board of Probation and Parole (Board) affirming its prior determination to recommit Petitioner as a convicted parole violator (CPV) and recalculate his maximum sentence date.

        The following facts are garnered from the certified record in this case. Petitioner was originally sentenced to a term of incarceration of 2 years, 3 months, to 6 years following his conviction on a drug charge. His original maximum sentence date was July 1, 2016. Following service of his minimum sentence, Petitioner was released on parole on October 3, 2012, to the Alle-Kiski Pavilion, a community corrections facility. At that time, Petitioner signed his conditions governing parole form warning that should he be convicted of a crime while on parole, the Board had

the authority to recommit him to serve the balance of his sentence with no credit for time spent at liberty on parole. Petitioner was successfully discharged from the Alle-Kiski Pavilion on December 21, 2012.

While on parole on January 15, 2013, Petitioner was arrested by the Frazer Township Police Department and charged with multiple traffic violations, including driving while operating privilege suspended, driving without motor vehicle financial responsibility, possessing altered, forged, or counterfeit documents, and suspension of vehicle registration. Petitioner promptly notified parole supervision staff and he continued serving parole while under supervision.

However, following this incident, Petitioner violated several of his parole conditions, including a curfew violation, failure to maintain regular contact with parole supervision staff, and failure to notify parole supervision staff of his receipt of three citations on October 26, 2013, for disorderly conduct, public drunkenness, and driving under suspension. The Board issued a warrant to commit and detain Petitioner and he was subsequently arrested by Board agents on November 1, 2013. That same day, the Board provided Petitioner with a notice of charges and hearing detailing his technical parole violations and Petitioner executed a waiver of violation hearing and counsel/admission form admitting to his technical violations.

By decision dated November 25, 2013, the Board recommitted Petitioner to the Renewal Parole Violator Center (RPVC) pending the completion of recommended programming. Petitioner's maximum sentence date remained as July 1, 2016. Petitioner was successfully discharged from the RPVC on January 15, 2014. While on parole on August 15, 2014, Petitioner was arrested by the New Kensington Police Department in Westmoreland County on charges of simple assault and theft by

2

unlawful taking. Petitioner continued serving parole while under supervision pending disposition of these new criminal charges.

However, Petitioner was declared delinquent effective October 2, 2014, after failing to report to parole supervision staff. Petitioner was subsequently arrested on November 1, 2014, by the Pennsylvania State Police following a routine traffic stop. The Board issued a warrant to commit and detain that same day and Petitioner was transported to the Westmoreland County Prison. On November 12, the Court of Common Pleas of Westmoreland County set bail at $5,000.00 cash on Petitioner's new criminal charges. Petitioner was unable to post bail. On November 7, 2014, the Board provided Petitioner with a notice of charges and hearing detailing his technical parole violations and Petitioner executed a waiver of violation hearing and counsel/admission form admitting to his technical violations. By decision dated March 23, 2015, the Board recommitted Petitioner as a technical parole violator to serve 6 months backtime.

Prior to the Board's decision, on February 10, 2015, Petitioner pled guilty to the simple assault and theft by unlawful taking charges in Westmoreland County and he was sentenced that same day to a term of incarceration of 11 and a half months to 23 months. On February 26, 2015, the Board provided Petitioner with another notice of charges and hearing relating to his new criminal convictions and Petitioner executed a waiver of violation hearing and counsel/admission form admitting to these convictions. By decision dated June 15, 2015, the Board recommitted Petitioner as a CPV to serve 36 months backtime. The Board also recalculated Petitioner's maximum sentence date as April 9, 2019.

The Board calculated this date by noting that when Petitioner was originally released on parole on October 3, 2012, his original maximum sentence date

3

was July 1, 2016, leaving 1,367 days of backtime owed towards his original sentence. The Board then credited Petitioner with the 75 days of confinement for the period he was recommitted to the RPVC from November 1, 2013, to January 15, 2014. The Board also credited Petitioner for the 11 days that he was confined in Westmoreland County Prison solely on the Board's warrant from November 1, 2014, to November 12, 2014. Applying these 86 days of credit, the Board concluded that Petitioner owed 1,281 days of backtime towards his original sentence. The Board then added these 1,281 days to October 6, 2015, the date that Petitioner was paroled from the Westmoreland County sentence, to arrive at the new maximum sentence date.

Petitioner submitted an administrative remedies form dated November 22, 2015, challenging his recalculated maximum sentence date. Specifically, Petitioner alleged that the Board incorrectly calculated the amount of backtime he owed towards his original sentence. By letter to Petitioner mailed February 17, 2016, the Board affirmed its earlier decision recalculating his maximum sentence date and denied his administrative appeal. The Board explained that Petitioner forfeited the time he spent at liberty on parole after he was recommitted as a CPV and discussed the manner in which it recalculated his new maximum sentence date.

Petitioner subsequently filed a *pro se* petition for review with this Court alleging that the Board's recalculation of his maximum sentence date violated the constitutional doctrine of separation powers by usurping the exclusive power of the judiciary to sentence criminal defendants.[1] Petitioner also alleges that the Board's

---

[1] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication was in accordance with the law, and whether necessary findings were supported by substantial evidence. 2 Pa.C.S. §704; *Adams v. Pennsylvania Board of Probation and Parole*, 885 A.2d 1121, 1122 n.1 (Pa. Cmwlth. 2005).

4

June 15, 2015 decision was void because it did not mention that his time spent at liberty on parole was being forfeited.

However, in his brief to this Court, Petitioner reiterates his issue relating to the doctrine of separation of powers and advances an entirely new issue relating to credit for his time spent at the community corrections facility, Alle-Kiski Pavilion. The Board contends that Petitioner waived this latter issue by not raising it in his administrative appeal. We agree. The law is well settled that any issue not raised in an administrative appeal is waived. *See Chesson v. Pennsylvania Board of Probation and Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *McCaskill v. Pennsylvania Board of Probation and Parole*, 631 A.2d 1092, 1094-95 (Pa. Cmwlth. 1993); *Newsome v. Pennsylvania Board of Probation and Parole*, 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989).

We now return to Petitioner's constitutional argument that the Board's recalculation of his maximum sentence date violated the constitutional doctrine of separation of powers by usurping the exclusive power of the judiciary to sentence criminal defendants. This identical argument has been previously rejected by the Supreme Court and this Court. *See Young v. Pennsylvania Board of Probation and Parole*, 409 A.2d 843, 848 (Pa. 1979) (the Board's authority to recalculate the sentence of a convicted parole violator and thereby extend his maximum sentence date "is not an encroachment upon the judicial sentencing power"); *Davidson v. Pennsylvania Board of Probation and Parole*, 33 A.3d 682, 686 (Pa. Cmwlth. 2011) (denial of credit to a recommitted direct violator for time spent at liberty on parole does not violate the separation of powers doctrine). Indeed, the Board has statutory authority to recalculate a convicted parole violator's sentence to reflect that he

receive no credit for time spent at liberty on parole. Section 6138(a)(2) of the Prisons and Parole Code, 61 Pa.C.S. §6138(a)(2).

Moreover, Petitioner was specifically advised of the Board's authority in this regard in the conditions governing his parole, which he acknowledged receiving upon his original release on October 3, 2012. These conditions cautioned Petitioner that should he be convicted of a crime while on parole, the Board had the authority to recommit him to serve the balance of his sentence with no credit for time spent at liberty on parole. The fact that said forfeiture was not referenced in the Board's June 15, 2015 decision does not invalidate such authority or render such decision void.

Because Petitioner was recommitted as a CPV, he forfeited the time he spent at liberty at parole and the Board did not err in recalculating his maximum sentence date.

Accordingly, the order of the Board is affirmed.[2]

_____
PATRICIA A. McCULLOUGH, Judge

---

[2] In his petition for review, Petitioner further alleges that the Board is violating his right to serve his sentence continuously, rather than on installments. However, Petitioner did not raise this issue before the Board, nor did he address the same in his brief to this Court. Hence, this issue is also waived. *Chesson*; *Aveline v. Pennsylvania Board of Probation and Parole*, 729 A.2d 1254, 1256 (Pa. Cmwlth. 1999) (issues raised in petition for review but not addressed or developed in brief are waived).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Milton Deshawn Paschal,       :
        Petitioner       :
                               :   No. 421 C.D. 2016
        v.                   :
                               :
Pennsylvania Board of        :
Probation and Parole,        :
        Respondent    :

## *ORDER*

AND NOW, this 13ᵗʰ day of January, 2017, the order of the Pennsylvania Board of Probation and Parole, dated February 17, 2016, is hereby affirmed.

_____
PATRICIA A. McCULLOUGH, Judge