# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone M. Fleming,                        :
                Petitioner    :
                              :
          v.            :    No. 921 C.D. 2019
                              :    Submitted: August 7, 2020
Pennsylvania Board of Probation           :
and Parole,                               :
             Respondent    :

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE MICHAEL H. WOJCIK, Judge
                HONORABLE ELLEN CEISLER, Judge

**OPINION NOT REPORTED**

**MEMORANDUM OPINION BY**
**JUDGE COHN JUBELIRER**             **FILED: January 14, 2021**

      Petitioner Tyrone M. Fleming (Fleming), pro se,[1] filed a Petition for Review (Petition) with this Court, alleging that the Pennsylvania Board of Probation and Parole[2] (Board) does not have the authority to recalculate Fleming's original sentence date, and thus the recalculation violated Fleming's constitutional rights. Upon review, Fleming did not raise these arguments before the Board. Accordingly, these issues are waived.

---

[1] Fleming filed his Petition for Review, pro se, after which counsel was appointed. Counsel then moved to withdraw, and Fleming also filed a motion to dismiss counsel and proceeded pro se.

[2] Subsequent to the filing of the Petition, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code, *as amended*, 61 Pa.C.S. §§ 6101, 6111(a).

The Board has parole authority over Fleming for offenses committed in 2003, which include two counts of robbery, one count of simple assault, and one count of criminal conspiracy. (Certified Record (C.R.) at 1.) The original minimum and maximum dates for these offenses were December 11, 2012, and December 11, 2022, respectively. (*Id*.) On December 29, 2014, the Board granted Fleming reparole. On June 24, 2015, the same date as his reparole date of release, Fleming executed the "Conditions Governing Parole/Reparole" (Conditions), which outlined the expectations and requirements of parole. (*Id*. at 6-7.) These Conditions specifically informed Fleming that if he was "convicted of a crime committed while on parole/reparole, the Board has the authority after an appropriate hearing, to recommit [him] to serve the balance of the sentence or sentences which [he was] serving when paroled/reparoled, **with no credit for time at liberty on parole**." (*Id*. at 6 (emphasis added).)

On June 12, 2018, while on reparole, Fleming was arrested and charged with possessing an instrument of crime, simple assault, disorderly conduct, and harassment. The Board issued a Warrant to Commit and Detain on June 21, 2018, for violation of reparole. The Board issued a Notice of Charges and Hearing for a detention hearing on the new criminal charges. Fleming waived his rights to representation of counsel and a detention hearing before the Board, and the Board detained Fleming pending disposition of the new criminal charges. On January 9, 2019, while detained by the Board, Fleming entered a guilty plea on the simple assault charge before the Court of Common Pleas of Cumberland County (trial court). The trial court ordered Fleming to serve "a term of confinement of not less than 12 nor more than 24 months in a State Correctional Facility." (*Id.* at 44.) The

2

trial court order provided Fleming with credit "from September 5, 2018, forward." (*Id.*)

On February 11, 2019, following Fleming's guilty plea, the Board issued a Notice of Charges and Hearing notifying Fleming of a Revocation Hearing set for February 19, 2019. Fleming signed a Waiver of Revocation Hearing and Counsel/Admission Form through which Fleming "waived [his] right[s] to a parole revocation hearing and counsel at that hearing." (*Id*. at 52.) Furthermore, Fleming voluntarily admitted that he pled guilty and had been convicted of simple assault. The Board produced a Revocation Hearing Report, demonstrating that a hearing had been waived, as well as stating that Fleming was convicted of simple assault and admitted to same. The Hearing Examiner recommended that Fleming not receive credit for time spent at liberty on parole, citing Fleming's "[p]rior [s]upervision [f]ailure under 2 previous #s," the assaultive nature of the charges, and unresolved drug and alcohol issues. (*Id.* at 66.) The Board Member agreed, noting that the "[c]onviction was assaultive in nature." (*Id.*)

The Board's decision, recorded February 22, 2019, and mailed March 8, 2019, recommitted Fleming as a convicted parole violator (CPV) to a State Correctional Institution to serve 12 months of backtime. The Board did not award credit for time spent at liberty on parole, citing previous supervision failures, the assaultive nature of the conviction, and unresolved drug and alcohol issues as the reasons behind the denial of the credit. The Board recalculated Fleming's maximum date as January 17, 2026. The Order to Recommit reflected that Fleming had 2,727 days remaining on his original sentence and was owed 202 days of backtime credit for the time he was confined by the Board on detainer from June 21, 2018, to January 9, 2019.

3

Fleming filed an administrative remedies form, stating that he was appealing the revocation decision for insufficient evidence and a violation of constitutional law by checking those boxes on the form. (*Id*. at 86.) Therein, Fleming stated "[p]oor adjustment implied an expectation that is unattainable by [Board] standards." (*Id.*) Fleming also argued that he "successfully completed both inpatient 'and' outpatient drug and alcohol treatment." (*Id.* (internal quotation marks omitted).) Fleming also asserted that the "[c]urrent crime was not drug/alcohol related nor ha[s] [he] submitted a series of contaminated urinalysis." (*Id.*) Furthermore, Fleming argued that the Board based its decision on a prior matter and that he showed improvement in areas of parole and supervision. (*Id*. at 87.) On June 27, 2019, the Board denied this administrative remedy and affirmed the Board's decision. The Board stated the following:

> In this case on your [B]oard decision mailed March 8, 2019, the Board articulated that you were denied credit because you had prior supervision failures, your new conviction was assaultive in nature, and you have unresolved drug and alcohol issues. The record accurately reflects that you have been on parole for various offenses and have violated your parole each time. Additionally, the record reflects that during your supervision you failed several drug tests. Finally, the record reflects that your new conviction is for Simple Assault, which is an assaultive offense. Therefore, the reasons provided for not awarding you credit for the time you were at liberty on parole are sufficient.

(*Id*. at 92.) Thereafter, Fleming filed his Petition with this Court.

On appeal,[3] Fleming argues that simple assault is not one of the crimes of violence listed under Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g).[4] (Fleming's Brief (Br.) at 2.) Accordingly, Fleming contends he should have been awarded credit for his street time and that the Board's forfeiture of his street time

[3] This Court's scope of review of a Board's order is limited to determining whether constitutional rights were violated, errors of law were committed, or findings of fact were supported by substantial evidence. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1094 n.2 (Pa. Cmwlth. 1993).

[4] Section 9714(g) defines a "crime of violence" under the Sentencing Code as:

murder of the third degree, voluntary manslaughter, manslaughter of a law enforcement officer as defined in 18 Pa.C.S. § 2507(c) or (d) (relating to criminal homicide of law enforcement officer), murder of the third degree involving an unborn child as defined in 18 Pa.C.S. § 2604(c) (relating to murder of unborn child), aggravated assault of an unborn child as defined in 18 Pa.C.S. § 2606 (relating to aggravated assault of unborn child), aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), assault of law enforcement officer as defined in 18 Pa.C.S. § 2702.1 (relating to assault of law enforcement officer), use of weapons of mass destruction as defined in 18 Pa.C.S. § 2716(b) (relating to weapons of mass destruction), terrorism as defined in 18 Pa.C.S. § 2717(b)(2) (relating to terrorism), strangulation when the offense is graded as a felony as defined in 18 Pa.C.S. § 2718 (relating to strangulation), trafficking of persons when the offense is graded as a felony of the first degree as provided in 18 Pa.C.S. § 3011 (relating to trafficking in individuals), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson endangering persons or aggravated arson as defined in 18 Pa.C.S. § 3301(a) or (a.1) (relating to arson and related offenses), ecoterrorism as classified in 18 Pa.C.S. § 3311(b)(3) (relating to ecoterrorism), kidnapping, burglary as defined in 18 Pa.C.S. § 3502(a)(1) (relating to burglary), robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, drug delivery resulting in death as defined in 18 Pa.C.S. § 2506(a) (relating to drug delivery resulting in death), or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction.

42 Pa.C.S. § 9714(g).

violates the Double Jeopardy Clause of the Fifth Amendment,[5] the prohibition against cruel and unusual punishment of the Eighth Amendment,[6] and the Due Process Clause of the Fourteenth Amendment.[7] Fleming further asserts that the Board is "not an arm of the law and . . . [cannot] amend/contravene an Order of any of the Commonwealth's Courts" by altering the maximum date of a judicially imposed sentence. (Fleming's Br. at 3-4.) Fleming also acknowledges that he was required to sign paperwork before he was released but "avers that any written agreement that compelled him to serve additional imprisonment is excessive of the judicial[ly] imposed sentence and is against the law." (*Id.* at 6-7.) Fleming argues that only the trial court possesses authority to enter into agreement with the Board regarding the maximum term/maximum date. (*Id.* at 7.)

The Board argues that Fleming waived his claim regarding the Board's authority because it was not raised before the Board. (Board's Br. at 10.) The Board asserts that Fleming's arguments, that the Board unlawfully extended his judicially imposed maximum sentence date and that it lacks jurisdiction to do so, were not raised before the Board. (*Id.* at 11.) The Board argues that, before the Board, Fleming "only argued that the reasons that the Board provided for not awarding him credit for the time he spent at liberty on parole were insufficient." (*Id.*) The Board also contends that Fleming does not cite any reason to allow him to raise these claims for the first time before this Court. (*Id.*)

---

[5] The Double Jeopardy Clause states that "[n]o person . . . [shall] be subject for the same offence to be twice put in jeopardy of life or limb." U.S. CONST. amend. V.

[6] The Eighth Amendment states that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

[7] Section 1 of the Fourteenth Amendment states, in relevant part, that "[n]o State . . . shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV, § 1.

6

Section 703(a) of the Administrative Agency Law provides, in relevant part, that:

> A party who proceeded before a Commonwealth agency under the terms of a particular statute shall not be precluded from questioning the validity of the statute in the appeal, but such party **may not raise upon appeal any other question not raised before the agency** (notwithstanding the fact that the agency may not be competent to resolve such question) unless allowed by the court upon due cause shown.

2 Pa.C.S. § 703. Furthermore, the Pennsylvania Rule of Appellate Procedure 1551(a) states, in part, that:

> (a) Appellate jurisdiction petitions for review.--Review of quasijudicial orders shall be conducted by the court on the record made before the government unit. **Only questions raised before the government unit shall be heard or considered**, except:
>
> (1) Questions involving the validity of a statute.
>
> (2) Questions involving the jurisdiction of the government unit over the subject matter of the adjudication.
>
> (3) Questions that the court is satisfied the petitioner could not by the exercise of due diligence have raised before the government unit. If, upon hearing before the court, the court is satisfied that any such additional question within the scope of this paragraph should be raised, it shall remand the record to the government unit for further consideration of the additional question

Pa.R.A.P. 1551(a) (emphasis added).

"[I]ssues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012); *see also McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092,

1094 (Pa. Cmwlth. 1993); *Newsome v. Commonwealth*, 553 A.2d 1050, 1052 (Pa. Cmwlth. 1989); *Hughes v. Commonwealth*, 534 A.2d 589, 591 (Pa. Cmwlth. 1987); *Harper v. Pa. Bd. of Prob. & Parole*, 520 A.2d 518, 524 (Pa. Cmwlth. 1987). A prisoner is required to "specifically set forth the facts and legal basis for which relief should be granted." *McCaskill*, 631 A.2d at 1095.

Fleming filed an administrative remedies form, checking both insufficient evidence and violation of constitutional law as reasons for his administrative appeal. (C.R. at 86.) Beyond checking the box for constitutional law, Fleming argued no specific legal basis for which to be granted relief. This is similar to *Marshall v. Pennsylvania Board of Probation & Parole*, 200 A.3d 643, 647-48 (Pa. Cmwlth. 2018), in which counsel for the petitioner checked the box for a violation of constitutional law. However, "[o]ther than checking that box, there [was] no suggestion of this issue for the Board's review." *Id.* Therefore, the Court determined that the issue was waived. As in *Marshall*, the constitutional issues raised before this Court are waived.

Fleming also argued that he showed improvement in areas of parole and supervision and the "parole history [] no longer exists." (C.R. at 87.) However, Fleming presented no arguments relating to Section 9714(g) and whether simple assault qualifies as a crime of violence, or any of the specific constitutional violations argued in Fleming's brief before this Court. (*See* Fleming's Br. at 2-4.) Nor did Fleming present arguments that the Board lacked the power to alter or change a judicially imposed sentence. (*See id.* at 3-4.) Additionally, Fleming does not question the validity of a statute, which would allow consideration of a new issue not previously brought before the Board. *See* 2 Pa.C.S. § 703. Fleming's brief before this Court makes arguments which deviate from prior arguments made before

the Board regarding his prior parole history and his improvement. Accordingly, Fleming's issues raised before this Court are deemed waived, and we affirm the Board's Order.[8]

$$\overline{\hspace{3cm}}$$

**RENÉE COHN JUBELIRER**, Judge

---

[8] Even if Fleming had preserved the issues he now seeks to assert, we would still have affirmed the Board's Order. Fleming argues that simple assault is not one of the crimes of violence listed under Section 9714(g) of the Sentencing Code, 42 Pa.C.S. § 9714(g). (Fleming's Br. at 2.) Accordingly, Fleming contends he should have been awarded credit for his street time and that the Board's forfeiture of his street time violates the Double Jeopardy Clause of the Fifth Amendment, the prohibition against cruel and unusual punishment of the Eighth Amendment, and the Due Process Clause of the Fourteenth Amendment. However, the Board possesses discretion to award credit. Section 6138(a)(2.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(2.1) (providing "[t]he [B]oard **may, in its discretion,** award credit to a parolee. . .") (emphasis added). The only limitation on the Board's discretion is that the decision be made contemporaneously with the recommitment decision and the Board provide a reason for that decision. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). As demonstrated by the Board in its March 8, 2019 decision, the Board, in following *Pittman*, noted that Fleming was denied credit because of "prior supervision failure, [] new conviction was assaultive in nature, and . . . unresolved drug and alcohol issues." (C.R. at 92.) The Board went over issues in the record and provided a sufficient reason for its decision, and accordingly, we find no issue with the Board's decision in this case.

Fleming further asserts that the Board is "not an arm of the law and . . . [cannot] amend/contravene an Order of any of the Commonwealth's Courts" by altering the maximum date of a judicially imposed sentence. (Fleming's Br. at 3-4.) However, the Board has the authority to recalculate a sentence maximum date after a CPV has been recommitted, with the only limitation being that an inmate cannot serve more time than he would have served had the Board not released him on parole or reparole. *Commonwealth ex rel. Banks v. Cain*, 28 A.2d 897, 902 (Pa. 1942). Accordingly, the Board had the authority to recalculate Fleming's sentence in this case.

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Tyrone M. Fleming,                                    :
                        Petitioner                    :
                                                      :
            v.                                        :      No. 921 C.D. 2019
                                                      :
Pennsylvania Board of Probation                       :
and Parole,                                           :
                        Respondent                    :

# **O R D E R**

   **NOW**, January 14, 2021, the Pennsylvania Board of Probation and Parole's June 27, 2019 Order is **AFFIRMED**.

  _____
                        **RENÉE COHN JUBELIRER,** Judge